[Argued December 21, 1893; decided January 8, 1894.]

## SAYRES v. ALLEN.

[S. C. 35 Pac. Rep. 254.]

CROSS-EXAMINATION — WITNESSES — CODE, § 837.— The right of cross-examination is a substantial and important one, and though its proper application rests primarily in the discretion of the trial court, that discretion will be reviewed in some cases. In practice a wide latitude should be allowed the adverse party in order that all the facts within the knowledge of the witness may be disclosed in their proper proportions and relations. Thus in an action to recover money alleged to have been collected by defendant as plaintiff's agent, where defendant alleges that he paid a designated amount to plaintiff through her husband, out of which plaintiff's claims should be satisfied, and the husband has testified in rebuttal that the money so paid was due him on account of a partnership existing between himself and defendant, and collections made by defendant as receiver and otherwise on accounts due him and another as partners, he may properly be cross-examined as to the nature and business of such partnership, and as to the collections and the receivership.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

Defendant appeals.                      REVERSED.

*Mr. Xenophon N. Steeves*, for Appellant.

*Mr. Roscoe R. Giltner*, for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

This is an action brought by Mrs. Maria Sayres against Wm. O. Allen to recover the sum of eight hundred and fifty-five dollars and eighty-five cents, alleged to have been collected by the defendant as her agent from a number of persons named in the complaint. The answer denies such indebtedness, and sets up counterclaims which the reply puts in issue. The trial resulted in a verdict and judgment for plaintiff for the sum of

five hundred and ninety-nine dollars and thirty-five cents from which this appeal is brought. The error assigned relates to the refusal of the court to permit a witness to answer on cross-examination a certain question propounded to him. The bill of exceptions discloses that after the plaintiff rested her case the defendant was called as a witness in his own behalf, and, among other things, gave evidence tending to prove that he paid and advanced to the plaintiff through George Sayres, her husband and agent, twelve hundred and one dollars and seventy-five cents, that the amount claimed in her complaint should be satisfied out of this sum, and that he should have judgment for the balance. The defendant having rested his case, the plaintiff recalled George Sayres on her behalf as a witness in rebuttal, and, among other things, he gave testimony tending to prove that the said money so paid by the defendant was not paid on plaintiff's account, but that it was money due from the defendant to him on account of a partnership existing between himself and said defendant, and collections made by defendant as receiver and otherwise on accounts due said Sayres and one Antone as partners. Defendant, by his counsel, asked said witness, on cross-examination, to state "What partnership existed between said Sayres and defendant and between him and one Antone, when it was, its nature and business, and when defendant was receiver, and for what this money was collected by said Allen, and when, and fully state all about this partnership and receivership and moneys collected by Allen on account thereof"; to which question counsel for plaintiff then and there objected, whereupon the court sustained the objection, and refused to allow any testimony in regard to said partnership by the witness on said cross-examination, or as to the money collected as receiver, or as to the total amount of money which the said Sayres

claimed the defendant had collected; to which ruling the defendant, by his counsel, then and there accepted, and said exception was allowed.

At the outset of the argument, the contention of the defendant involved the idea that the trial court, in its ruling, proceeded on the mistaken notion that the cross-examination of a witness is a matter within its discretion, and not a legal right of the defendant. We are satisfied however, that the trial court made its ruling from no misapprehension of its duties. It may be true, as claimed for the plaintiff, that the question asked was excluded because the matter to which it was addressed had been already freely investigated, but this cannot be assumed, it should be made to appear by the record. Certainly, if such was the case, it was the duty of counsel to have called the attention of the trial court to the matter, and secured its incorporation in the bill of exceptions certified to us, otherwise we cannot regard such matter. Judged by the record and the argument, the question asked was excluded upon the assumption that it was not proper cross-examination, or that it included matter beyond the scope of legitimate cross-examination. The extent and range of such examination is largely in the discretion of the trial court, and, as a consequence, its exercise is not subject to appellate review unless a clear case of abuse or manifest injustice is disclosed. The question, then, in the present case is, whether the ruling of the trial court amounted to an abuse of its discretion. It will aid us in the determination of this question to keep in view the object of a cross-examination, and the limit within which the right may be exercised. The object of all cross-examinations is to break the force, or destroy the effect, of the testimony given by the witness on his direct examination, or to lay the foundation for the testimony of other witnesses which shall have that

effect. As a means to this end, when a witness has been examined in chief, the adverse party has the right to cross-examine him for the purpose of showing the situation of the witness with respect to the parties and to the subject of the litigation, his interest, his motives, his inclinations and prejudices, his means of obtaining a correct knowledge of the facts to which he has borne testimony, and the manner in which he has used these means, his power of discernment, memory, and description, so that the jury may have the opportunity of observing his demeanor, and of determining the just weight and value of his testimony: 1 Greenleaf on Evidence, § 446; Taylor on Evidence, § 1285; 1 Wharton on Evidence, § 545; Starky on Evidence, 195.

Such an examination affords one of the principal and most efficacious tests for the discovery of truth, and renders it extremely difficult for a witness subjected to such test to impose upon the court or jury. Such being its importance, great latitude should be allowed the adverse party in conducting his cross-examination, in order to make it effective and subserve the ends of justice. Our Code provides that "The adverse party may cross-examine the witness as to any matter stated on his direct examination, or connected therewith, and in so doing, may put leading questions; but if he examine him as to other matters, such examination is to be subject to the same rule as a direct examination: Hill's Code, § 837. Under this section the adverse party has the right to cross-examine the witness as to the facts and circumstances stated in his direct examination, or connected therewith, but if he wishes to examine him as to other matters, he must do so by making him his own witness, as such examination is to be subject to the same rules as a direct examination. Within the subject matter of the direct examination, a free range should be allowed in conducting such exam-

ination. "It should not be limited," BEAN, J., said, "to the exact facts stated in the direct examination, but may extend to other matters which tend to limit, explain, or qualify them, or to rebut or modify any inference resulting therefrom, provided they are directly connected with the matter stated in the direct examination": *Doon* v. *Smith, ante,* p. 89, 34 Pac. Rep. 1093. A like view is expressed by BREWER, J., who says: "It may extend to other matters which limit, qualify, or explain the facts stated on the direct examination, or modify the inferences deducible therefrom, providing only that such matters are directly connected with the facts testified to in chief": *Blake* v. *Powell,* 26 Kan. 327. It is obvious, therefore, that a cross-examination is allowed a free range, if kept within the subject matter of the testimony given, especially as the cases show, where the person examined is a party or an unwilling witness. This being so, the right of cross-examination is a substantial right, which cannot be restricted so as to prevent the adverse party from going fully into all matters connected with the direct examination.

Within these limits, the defendant had a clear right to cross-examine Sayres, and requires him to give a detail of the facts and circumstances within the range of the subject matter of his direct examination, for the purpose of showing, if he could, the situation of the witness with respect to the parties, his motives, his interest, his prejudices, as well as means of obtaining correct information relative to the matters to which he had borne testimony. The record discloses that the defendant testified that he paid the money collected for the plaintiff to George Sayres, her husband, as her agent. The witness Sayres testified that he received the money from the defendant, but that it was paid to him as money due to himself on account of the partnerships and collections in

regard to which he (Sayres) had testified in his direct examination. The material question was, how was this money paid? Was it, as the defendant testified, paid to Sayres as the agent of the plaintiff, his wife, and therefore to her; or was it, as Sayres testified, paid to him as money not due his wife, but moneys collected for himself from the sources named? As the solution of this question depended upon the effect which the jury would give the testimony, it was important, as the case stood, that the defendant should strengthen his own testimony and weaken Sayres' by all legitimate means. For this purpose he had a right to cross-examine Sayres fully in respect to all matters connected with his direct examination; he was entitled to put to him any question calculated to test his credibility, his memory, his motives, his interests, his prejudices, and the means and extent of his knowledge, or draw out any fact or circumstance which might tend to controvert, explain, modify, or weaken his statement in respect to the partnerships and receivership as the sources from which defendant collected the money and paid it as already indicated. Certainly, if it should have appeared on cross-examination that no such partnerships had existed at any time, and that the defendant. Allen had never been receiver, then Sayres could not apply the money to his own use as claimed by him, and the defendant's testimony as to the application of such money would be materially strengthened. It does not matter how positive Sayres may have testified to the facts in his direct-examination; it does not preclude the adverse party, upon cross-examination, from requiring him to reaffirm or deny his previous statements, and to give a detail of the circumstances surrounding the facts to which he has testified, and tending to disprove their existence: *Phillips* v. *Elwell*, 14 Ohio St. 243, 84 Am. Dec. 373.

"It was competent for appellant's counsel," said ELLIOTT, J., "to enter into the details of the subject matter opened up by the examination in chief, and they were not restricted to the statements made in general terms by the witness in his answers to the questions asked on direct examination. They had a right to demand, within reasonable limits, details and particulars, and were not to be put off with more general statements. A cross-examination is important, not only as a means of getting out in full detail all the facts within the range of the subject matter of the direct examination, but it is also an important means of testing the memory of the witness as well as a potent means of ascertaining the truth of his statements. It is very clear that the trial court erred in denying the appellant the right of asking the question submitted by her counsel": *Hyland* v. *Milner et al.* 99 Ind. 310. As a general rule, it is true that the range and extent of the cross-examination is within the discretion of the trial court, subject, however, to the limitation that it must relate to facts and circumstances connected with the matter stated in the direct examination. In such case, it is only when these limitations are disregarded that there has been an abuse of discretion which authorizes the appellate court to interfere. But the rule under consideration gives the right of inquiry on cross-examination into all the facts and circumstances connected with the matters of the direct examination. As the defendant had the right, on cross-examination, to require that Sayres should give a detail of the circumstances surrounding the facts to which he had testified, prejudice will be presumed where this right is denied. "The right of cross-examination being a substantial and very important right," says Judge SEYMOUR, "it is error to restrict it so as to prevent the cross-examining party from going fully into all matters connected with the examination in

chief": 1 Thompson on Trials, § 406. As applied to the facts before us, we think the principle stated authorized the question objected to and excluded by the court. "Though we may not be able to see," said CHRISTIANCY, J., "that the answers could have benefited the defendants, or that they were actually injured by the rejection of these questions, yet, as they related to the same subject as the direct examination, and were therefore *prima facie* admissible, and we cannot affirmatively say, that they would not have elicited evidence material to the defense, nor, therefore, that the defendants were not injured by the rejection, in such trial, we must treat the rejection of these questions as erroneous": *O'Donnell* v. *Segar*, 25 Mich. 374. In view of the considerations suggested, the judgment must be reversed and a new trial ordered.        REVERSED.