Argued at Pendleton October 31, affirmed November 29, 1927.

## STATE *v.* RAY McCARROLL.

### (261 Pac. 411.)

**Witnesses—Witness cannot be Cross-examined as to Collateral and Irrelevant Facts Merely to Contradict Him.**

1. A witness cannot be cross-examined as to any collateral and irrelevant facts merely for purpose of contradicting him by other evidence.

**Witnesses—Answer of Witness, Cross-examined on Collateral Matter, cannot be Subsequently Contradicted.**

2. When a witness is cross-examined on a collateral matter, his answer cannot be subsequently contradicted by party putting question.

---

1. See 28 R. C. L. 607.
2. See 28 R. C. L. 620.

Witnesses—Cross-examination of Defendant is Limited to Relevant
  Matters Only (Or. L., § 1534).

3. Under Section 1534, Or. L., relative to examination of de-
fendant offering himself as witness, cross-examination of defendant
is limited, restricted or confined to relevant matters only, to facts
to which he has testified tending to his conviction or acquittal.

Witnesses—On Defendant's Denial of Knowledge of Girl's Preg-
  nancy, State, on Cross-examination, Could Show Contradictory
  Statements in Regard Thereto.

4. Where defendant, in prosecution for statutory rape, attempted
by direct examination to show that he had no knowledge of girl's
pregnancy, state had right to show that defendant had made contra-
dictory statements out of court in regard thereto inconsistent with
testimony given on direct examination.

Rape—That Defendant Told Prosecutrix's Father of Sending Money
  to Prosecutrix's Mother, and Requested Him not to Tell De-
  fendant's Wife, Held Admissible in Statutory Rape Prosecution.

5. In prosecution for statutory rape, testimony by father of
prosecutrix that defendant told him that he had sent money to
mother of prosecutrix and asked him not to let his wife know about
it *held* admissible as showing that he was sending money to prose-
cutrix's mother for an unlawful purpose, and attempting to keep
his wife in ignorance thereof, constituting circumstance for jury's
consideration in determining guilt or innocence.

---

Criminal Law, 16 C. J., p. 571, n. 11, p. 572, n. 15.
Witnesses, 40 Cyc., p. 2569, n. 19, 20, p. 2570, n. 22, p. 2701, n. 39.

From Umatilla: GILBERT W. PHELPS, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the names of
*Mr. E. H. Kohlhase* and *Mr. Homer I. Watts.*

For respondent there was a brief over the names
of *Mr. C. C. Proebstel,* District Attorney, and *Mr.
James A. Fee,* with an oral argument by *Mr. F. W.
Schmitt,* Deputy District Attorney.

RAND, C. J.—The defendant was convicted of the
crime of rape upon Dorothy Miller, a female child

---

3. See 28 R. C. L. 602 et seq.

under the age of sixteen years, and appeals from the judgment imposed. During the progress of the trial, defendant was a witness in his own behalf and there are but two assignments of error. They relate to questions which were asked the defendant on his cross-examination and to the introduction of evidence by other witnesses contradicting the answers which he gave to such questions. For a proper understanding of these assignments, it is necessary to make a short statement of the facts material thereto.

The prosecutrix testified that the defendant had had illicit relations with her when she was but twelve years of age and that such relations continued until she became pregnant with child, which was later born in a lying-in hospital in Portland. During the period in question, she was living with her parents at Pendleton and defendant, a married man having a wife and five children, was also living at or near the same place. After becoming pregnant, prosecutrix left Pendleton and went to the home of her grandmother at Ogden, Utah, and while there her grandmother discovered her condition and wrote a letter to her parents, informing them of her condition. At that time the two families were on very friendly terms and, not knowing of defendant's relations with their daughter, they disclosed the contents of the letter to him. Both Mr. and Mrs. Miller testified that defendant advised them to have an abortion performed upon the child and that he, knowing that they were without means, offered to advance the money for that purpose. Mrs. Miller, the mother of prosecutrix, decided to go to Ogden to see her daughter and borrowed $30 from defendant to cover her expenses. Upon her arrival there, she sent a telegram to defendant requesting him to send her $100, which he

did, and a few days later she sent another telegram, requesting $150 additional. Defendant had some difficulty in procuring the latter sum but finally borrowed it from one of the banks upon securing the indorsement of one of his friends. Before the sum last called for was sent, Mrs. Miller, while at Ogden, had a conversation over the telephone with the defendant and, according to her testimony, she informed him that she had learned that he was the one responsible for the condition of her child and told him that he had better send the money. Whatever her purpose for borrowing said sums from the defendant may have been, no operation was performed and $175 was returned to the defendant and the said note was taken up and paid out of the money thus returned.

On his direct examination the defendant admitted the sending of the said sums of money, but denied ever having had illicit relations with the child and testified that he supposed that the girl was to be operated upon for appendicitis. On his direct examination he made no reference to the telephone conversation. On his cross-examination he admitted that he had had a telephone conversation with the mother of the child but denied that she had informed him that he was the one responsible for the child's condition. Through his counsel, defendant objected to the question of what was stated by Mrs. Miller over the telephone, on the ground the same was not proper cross-examination. The objection was overruled and defendant testified that Mrs. Miller had not made such statement. On rebuttal, she was called and contradicted defendant's said answer over the objection and exception of defendant's counsel. It is now contended that the fact so testified to was a

collateral matter not material to the issue, upon which the defendant was then being tried, and this constitutes the substance of the first assignment of error relied upon by the defendant.

1–3. "But it is a well-settled rule" says Mr. Greenleaf, "that a witness cannot be cross-examined as to any fact which is collateral and irrelevant to the issue, merely for the purpose of contradicting him by other evidence, if he should deny it, thereby to discredit his testimony; and, if a question is put to a witness which is collateral or irrelevant to the issue, his answer cannot be contradicted by the party who asked the question; but it is conclusive against him." 1 Greenleaf on Evidence (16 ed.), § 449. And "When a witness is cross-examined on a matter collateral to the issue, his answer cannot be subsequently contradicted by the party putting the question. 'The test of whether a fact inquired of in cross-examination is collateral is this, Would the cross-examining party be entitled to prove it as a part of his case, tending to establish his plea?' This limitation, however, only applies to answers on cross-examination. It does not affect answers to the examination in chief." Wharton's Criminal Evidence (9 ed.), § 484. The rule stated in the two authorities above quoted is well settled in this state: *Williams* v. *Culver*, 39 Or. 337 (64 Pac. 763). The test stated by Wharton was recognized and followed as the true test in *State* v. *Edwards*, 106 Or. 58 (210 Pac. 1079). This rule, however is limited and restricted in criminal cases, when the defendant offers himself as a witness in his own behalf, by our statute, Section 1534, Or. L., which provides that, when the party accused offers himself as a witness in his own behalf, he shall be

deemed to have given to the prosecution a right to cross-examine him upon all facts to which he has testified, tending to his conviction or acquittal, and the effect of the statute has been held to be that the cross-examination of the defendant in a criminal case "shall be limited, restricted, or confined to relevant matters only—to facts to which he has testified tending to his conviction or acquittal." (*State* v. *Saunders*, 14 Or. 300, 316 (12 Pac. 441).

4. By his testimony on his direct examination, the defendant attempted to show that he had no knowledge of the fact that the girl was in a pregnant condition. This was a material fact and one which the state had a right to contradict by showing upon cross-examination of the defendant that he was not telling the truth in respect thereto. The question, therefore, was a proper one and his cross-examination thereon was proper, it being relevant and material to the issue. Therefore, the state had the right to show that the defendant had made contradictory statements out of court in regard thereto inconsistent with the testimony he had just given on his direct examination.

5. The second assignment of error is based upon a question asked the defendant upon his cross-examination in respect to a conversation which he had admitted to have had with the father of the prosecutrix, in which the defendant was asked whether he had told prosecutrix's father that he, the defendant, had sent $100 to prosecutrix's mother and that if he did not say in that conversation to prosecutrix's father, "Don't let Midge (defendant's wife) know about this money proposition; she wants a new coat," or words to that effect. Defendant denied ever hav-

ing said that and Miller was called as a witness and testified that the defendant had made such a statement to him. The state had a right to show any part of the conversation which was relevant and material to the issue then being tried. We do not think it was error for the court to permit the cross-examination of the defendant as to the matter referred to or the contradiction of the defendant's answer by the introduction of evidence showing that he had made such statement. It is true that it is not proper to contradict the testimony of the defendant upon an immaterial matter, but the fact that the defendant was sending to the mother of the prosecutrix money to be used for an unlawful purpose, and was attempting to keep his wife in ignorance thereof, if it was a fact, was a circumstance which the jury had a right to consider in determining the guilt or innocence of the defendant.

Finding no reversible error in respect to either of the matters referred to, the judgment appealed from will be affirmed.                                        AFFIRMED.

BELT, J., did not participate in this opinion.