Argued July 17; affirmed July 31, 1933

## RITCHIE *v.* PITTMAN
(24 P. (2d) 328)

*Dan J. Kenney* and *Ronald L. Reilly,* both of Portland, for appellant.

*W. H. Maguire,* of Portland (Dey, Hampson & Nelson and R. R. Morris, all of Portland, on the brief), for respondent.

CAMPBELL, J. Plaintiff, as the administrator of the estate of Mary Ritchie, also known as Mary McLaren, deceased, brought this action alleging that his intestate's death was caused by the negligence of defendant. The cause was tried to a jury which returned a verdict in favor of defendant. Plaintiff appeals.

Mr. Ritchie, the administrator, was called as a witness on behalf of plaintiff and testified in substance that, on the evening of the accident, he, his wife and deceased, who was a member of his family and whom he looked upon as a foster daughter, rode in an automobile from their home to the corner of 40th and Harrison streets in the town of Milwaukie, Oregon; he parked his car at that point facing west on Harrison street; his wife and deceased alighted; the deceased intended to walk across Harrison street and proceed on her way to visit a friend; after deceased stepped on the pavement, he saw two cars approaching from the west on Harrison street; the first one passed without mishap; he observed that the second (the one being driven by defendant) "car came tearing along here, it was ten seconds from the time I saw it until it was well over the hill"; that the distance to the top of the hill is more than 200 yards and he estimated that the approaching car was traveling at the rate of 35 or 40 miles per hour and that it did not slow up "in the least" as it came to the intersection; that it dashed past the rear end of his car and ran a distance of about eighty feet, left the street and was brought to a stop by running against a tree; that immediately after it passed his car, he heard someone shrieking; he did not see the impact of the car with the body of deceased, but when he helped lift her up she was unconscious; she had fallen from defendant's car about seventy feet from where his car was parked; she died a few hours after the accident without regaining consciousness.

The natural conclusion that a reasonable person would draw from the foregoing testimony is that de-

fendant, at the time and place, was negligent in the manner in which she drove her car and that such negligence was the proximate cause of the accident.

On cross-examination Mr. Ritchie was asked:

"Q. Now you observed this car up there, as you said, tearing along, and observed this car which Mrs. Pittman was driving tearing along, and must at that time have come to the conclusion that the accident happened due to her speed. Is that not a fact?
"A. Oh certainly.
"Q. And you had that opinion all the time?
"A. Yes, sir".

He was then asked:

"Q. Let me ask you if, at the time and place of the accident you didn't state when you were standing back of the automobile taking the license number in the presence of Vick Pfeifer, that it was not the fault of Mrs. Pittman or of the lady; that you had just let Mary out of the car and told her to be careful and that she just trotted across the street?"

■ This question was objected to "as being incompetent, irrelevant and immaterial; first, because it is improper cross-examination, a matter not being touched upon in the direct; second, it is not binding upon the estate of Miss Ritchie".

The court suggested its admissibility for impeachment purposes and overruled the objection, to which ruling plaintiff excepted.

There were several other questions of similar import asked the witness regarding a statement that it was claimed he made to, or in the presence of, others, naming them and fixing the times and places, to which the same objection was made to each such question. The question above quoted is a fair sample of the impeaching questions asked the witness Ritchie.

Under the circumstances, the question was proper cross-examination especially in view of the preceding question which was answered without objection, under the rule regarding cross-examination laid down in the statute, Oregon Code 1930, section 9-1908.

"It should not be limited to the exact facts stated on direct examination, but extended to other matters which tend to limit, explain, or qualify them, or to rebut or modify any inference resulting therefrom, provided they are directly connected with the matter stated in the direct examination". Ah Doon v. Smith, 25 Or. 89 (34 P. 1093); Sayres v. Allen, 25 Or. 211 (35 P. 254); Blue v. P. R. L. & P. Co., 60 Or. 122 (117 P. 1094); Marshall v. Brown, 108 Or. 658 (218 P. 923).

Any proper cross-examination is always competent and relevant.

After the plaintiff closed the testimony in his case in chief, defendant called several impeaching witnesses and asked the impeaching witness the question propounded to the witness Ritchie as to statements made to, or in his presence, and the witness was permitted to answer over the objections of plaintiff. A fair sample of the questions asked the impeaching witnesses is that asked Mr. Pfeifer.

"Q. I will ask you if you went to the scene of the accident the night it occurred?
"A. Yes, sir.
"Q. I will ask you whether or not you saw Mr. Ritchie there that evening?
"A. Yes, sir.
"Q. Where was it?.
"A. He came to take the license number of Mrs. Pittman's car.
"Q. I will ask you whether or not, at that time and place he stated in your presence, in substance and effect, as follows: that it was not the fault of Mrs.

Pittman or the lady, that he had let Mary out of the car and told her to be careful and that she just trotted across the street?"

■ While there is some variation in the question asked Mr. Ritchie and that asked Mr. Pfeifer, the impeaching witness, it is substantially in the same words and in no way could it mislead either witness. When the time and place and the persons present or involved in the statement are mentioned so as to call the incident and conversation to the attention of the witness sought to be impeached so that the witness recalls the circumstances and is not misled, the foundation for impeachment is sufficient. *Oldenburg v. Oregon Sugar Company,* 39 Or. 564 (65 P. 869) ; *Sheppard v. Yocum,* 10 Or. 402; 2 Wigmore on Evidence (2d Ed.) 477, § 1029.

It would be of no value to the profession to recite each of the other impeaching questions propounded. The principal objection of counsel for appellant is that defendant was permitted to attempt to impeach the witness on immaterial and incompetent evidence. We are of the opinion that under the facts and circumstances shown in this cause, being proper cross-examination, the evidence was material, relevant and competent.

The judgment of the lower court will be affirmed.

It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.