Argued at Pendleton October 25; reversed November 23, 1937

# PETERS *v.* CONSOLIDATED FREIGHT LINES, INC.

## (73 P. (2d) 713)

606

*H. H. DeArmond*, of Bend (Upton and DeArmond, of Bend, and John M. Hickson, of Portland, on the brief), for appellant.

*Virgil H. Langtry* and *Geo. Brewster*, both of Redmond (Cunning & Brewster, of Redmond, on the brief), for respondent.

LUSK, J. This is an action by H. D. Peters to recover damages from Consolidated Freight Lines, Inc., a corporation, for personal injuries suffered in a collision between a truck driven by the plaintiff (respondent) and a truck and trailer owned by the defendant (appellant) and driven by its agent, L. D. Malm. From a judgment in favor of plaintiff, defendant has appealed.

The accident occurred in Deschutes county, Oregon, on The Dalles-California highway. The plaintiff was driving in a southerly direction and defendant's truck was being driven in a northerly direction. The plaintiff alleged, in his complaint, among other charges

of negligence, that the defendant's truck was being operated at a reckless rate of speed, in excess of 50 miles per hour, and that it was being driven on a curve and on the wrong side of the road, and that although the defendant was able to and did drive the truck to the right-hand side of the highway, the trailer attached to the truck was "whipped over onto" the truck driven by plaintiff. The defendant, in its answer, in addition to other charges of contributory negligence, alleged excessive speed on the part of the plaintiff and that he was on the wrong side of the road.

The appellant assigns as error the admission of certain testimony given by the witness, George H. Brewster, in rebuttal over the objection of defendant. Mr. Brewster was one of counsel for plaintiff and was permitted to testify as to the manner in which another truck and trailer owned by defendant was driven some 11 months after the accident. The matter arose in the following way: In the defendant's case, the witness, L. D. Malm, and the driver of the defendant's truck, gave this testimony:

"Q. At the speed you were going, and taking into consideration the weight which you had in that trailer, would it have been possible to have whipped that trailer around as he (plaintiff) indicated?

A. No sir. Not on that curve.

Q. Could the trailer have been whipped around to the left at the speed you were driving, at that place, going up that hill?

A. No, sir."

On cross-examination of Malm, inquiry was made into the "whipping" propensities of trailers in general and of other trailers belonging to the defendant,

and in this connection the witness was asked these questions:

"Q. Well, supposing the truck driver was driving along in a straight line, at all times keeping his left wheel right on the center line of the highway, could the trailer whip a foot to a foot and a half without varying the front ones?

A. No, sir.

Q. That could not be possible?

A. No, sir."

He further testified under cross-examination on the subject of speed as follows:

"Q. Isn't it a fact that if you came down that other steep hill, loaded, you have momentum to carry you over that other hill if you don't have any engine on at all?

A. No, sir.

Q. Isn't it a fact that with a heavy load of fifteen tons if you came down over that hill and just coasted you would be going forty-five to fifty miles an hour?

A. No, sir.

Q. On the overdrive?

A. Thirty-five.

Q. When you are on your overdrive, that is as fast as you can go?

A. No, sir, that is not as fast as we can go.

Q. That is not as fast as it will go; what do you do when you want to go faster than that?

A. You can go faster than thirty-five.

Q. How fast can you go on an overdrive?

A. Possibly forty-nine.

Q. Those trucks only run 49 miles, that is the best the Consolidated can do?

A. Yes."

After the defendant rested his case, the plaintiff called to the witness stand Mr. Brewster, who testified

that on the last Wednesday in October, previous to the trial (which would be approximately 11 months after the accident), he was traveling in an automobile between Redmond and Bend and came upon a Consolidated truck and trailer on a straight stretch of road. He was then permitted to testify over defendant's objection that this truck and trailer, which he saw 11 months after the accident, was traveling at a speed of 60 miles an hour, and that the trailer was weaving a foot and a half over the yellow line on the left-hand side of the road.

The defendant contends that the admission of this testimony was erroneous for two reasons: First, because negligence cannot be established by proof of similar acts at other times; and, second, because viewed as impeaching testimony, it is impeachment on a collateral, immaterial matter, and therefore not admissible. Plaintiff concedes the first proposition. We may, therefore, confine our inquiry to the question whether the testimony was properly admitted as impeachment of the witness, Malm.

▆▆▆▆ There is little or no controversy between the parties as to the applicable rules of law. It is a general principle that a witness cannot be cross-examined as to collateral or irrelevant matters, merely for the purpose of contradicting him by other evidence, if he should deny it, in order thereby to discredit his testimony; and where a witness is interrogated for the purpose of impeachment as to a matter not relevant to the issue and not touched on in direct examination, his answer is, as a general rule, binding on the party cross-examining him: 70 C. J. 804, § 1010; *Goodall v. State*, 1 Or. 333, 335 (80 Am. Dec. 396); *Williams v. Culver*, 39 Or. 337, 341 (64 P. 763); *State v. McCarroll*, 123 Or. 173, 177 (261 P. 411); 1 Greenleaf on Evidence, 16th ed., § 449.

The test of whether a fact inquired of in cross-examination is collateral is this, would the cross-examining party be entitled to prove it as a part of, and tending to establish, his case: *State v. McCarroll*, supra; *State v. Edwards*, 106 Or. 58, 68 (210 P. 1079). The question asked of the witness, Malm, concerning other equipment of the defendant company than that involved in the accident and the testimony on that point given by the witness, Brewster, related to collateral matters because the plaintiff would not have been permitted to prove these things as a part of his case. The issue was not whether other trucks and trailers owned by the defendant company could be driven at a speed in excess of 49 miles an hour, nor whether the trailers on other equipment of the defendant would sway more than three inches to the left or right, but what was the speed of the defendant's truck at the time and place of the accident, and was the trailer whipped across the center line of the highway at the time and place of the accident? No question was asked the witness, Malm, on direct examination concerning the speed which the truck was capable of making, nor was he asked whether or not trailers on other equipment of the defendant would sway more than three inches. These questions came on cross-examination, and it is quite obvious from reading the record that the inquiry by plaintiff's counsel on these matters was merely for the purpose of enabling Mr. Brewster to take the stand in rebuttal and contradict Malm, by testifying to the things that he observed when he followed another truck and trailer owned by the defendant some 11 months after the accident, a practice to which we do not think we should lend our approval.

■ Beyond this, by the time Mr. Brewster testified, the issue of defendant's speed was out of the case. Although the complaint alleged, as we have stated, that

the defendant's truck and trailer was being driven at a speed in excess of 50 miles per hour, no testimony was given by the plaintiff or any other witness to support this charge. The only evidence as to the speed of the defendant's truck came from the witness, Malm; who testified that his speed was 25 miles per hour at the time of the accident. The complete failure of the plaintiff to substantiate his charge of excessive speed is emphasized by the instruction given by the circuit judge and to which no exception was taken, withdrawing that issue from the jury, which he said he did at the "suggestions of counsel". It is manifest, therefore, that the testimony objected to was on a collateral issue, first suggested on cross-examination, and that its admission violated the rule which we have stated.

■ The plaintiff insists, however, that this rule is not invariable in its application and that the trial court has a large measure of discretion in admitting testimony impeaching or contradicting a witness on a collateral issue. This is true, although as the court said in *Denver City Tramway Company v. Lomovt,* 53 Colo. 292 (126 P. 276, Ann. Cas. 1914B, 106), while on cross-examination in such matters a large discretion is vested in a trial court, "when it comes to contradicting the answer, the discretion is not so extensive". In *Williams v. Culver,* supra, a judgment was reversed for the admission of such testimony when it bore on a "vital issue". In this case, each of the parties claimed that the other was on the wrong side of the road and that was the main question for the jury's determination. For the plaintiff to prevail on this issue, he must produce convincing evidence to support the charge in the complaint, "that although the defendant was able and did drive the truck to the right-hand side of the highway, the trailer operated by the defendant was whipped over on-

to the on-coming car". The only eyewitnesses to the accident were the drivers of the respective vehicles. Each of them swore that the other was over the yellow line which marks the center of the road. Which of them was right on this vital issue was a close question, and, in our opinion, testimony given by one of the lawyers for the plaintiff, that he had seen a trailer attached to a truck, owned and operated by the defendant, traveling 60 miles per hour and swaying a foot and a half over the center line of the highway, on another occasion, had a natural tendency to prejudice the jury against the defendant and to deprive it of a fair trial on the issues made by the pleadings, which were the only issues it was called upon to meet.

■ The prejudicial effect of the testimony becomes the more apparent when it is observed that involved in the case was an alleged violation by the defendant of section 3, chap. 288, Laws of 1933 (section 55-2703, Oregon Code 1935), which provides that "all trailers * * * shall be equipped with such an efficient coupling device as will not permit said trailer * * * to swing over three inches either way beyond the track of the vehicle furnishing the motor power, when operating on a tangent". That issue was submitted to the jury with an instruction that a violation of the section was negligence per se, and the testimony objected to, therefore, had the effect of branding the defendant as a law violator at a time and place remote from the controversy, which the jury was called upon to decide.

■■ The plaintiff urges that the objection made by the defendant to this testimony was not sufficiently specific and did not bring to the court's attention the very ground of the complaint, which is relied on here; and decisions of this court are cited to the effect that a general objection on the grounds of incompetency, ir-

relevancy and immateriality does not present any question for review on appeal. See *Pinder v. Wickstrom,* 80 Or. 118 (156 P. 583), and *Ellis v. Abbott,* 69 Or. 234 (138 P. 488). Where, however, it is apparent from the record that the trial judge must have known what the ground of objection was, the rule invoked has no application. See *Sigafus v. Porter,* 84 Fed. 430, cited in *Wallace v. American Toll Bridge Company,* 124 Or. 179, 187 (264 P. 351); *Johnson v. United States,* 163 Fed. 30 (18 L. R. A. (N. S.) 1194); 4 C. J. S. 573. The ruling of the trial judge was made at the conclusion of a somewhat extended colloquy between court and counsel, in which the purpose of the proposed testimony was stated, and the particular evidence which was sought to be contradicted was pointed out. In addition to this, counsel for the defendant, during this colloquy, stated to the court that no evidence of excessive speed on the part of the defendant's vehicle had been produced. Viewing the entire incident as disclosed by the transcript, we think that the objection was sufficient.

■ Neither are we impressed with the contention that defendant waived the objection by requesting the court to instruct the jury that the testimony was admitted for the purpose of impeachment only. A party against whom an erroneous ruling has been made, prejudicing his rights, ought not to be penalized for asking the court to soften the blow, by giving him at least some small measure of protection.

■ Error is assigned because the witness Brewster was also permitted to testify in rebuttal, over the objection on the part of the defendant that the testimony was not proper rebuttal and was too remote, that he visited the scene of the accident three or four months after its occurrence and observed certain marks on the pavement, which he described. The testimony of other

witnesses, who were present on the night of the accident, indicated that the wheels of the trailer were torn off by the force of the collision with plaintiff's truck, causing the trailer to drop to the ground and leave marks in the hard-surfaced pavement, variously referred to as "gouges", "deep holes", and "grooves". Mr. Brewster described marks of the same character in the same locality as those testified to by these witnesses. It is entirely conceivable that such indentations on a hard surfaced pavement could remain for a period of three or four months. Whether they were the same marks or not was a question for the jury. The objection on account of remoteness, therefore, went only to the weight of the testimony and was properly overruled. It was largely in the discretion of the trial judge to determine whether the testimony should be admitted in rebuttal: *Sather v. Giaconi,* 110 Or. 433, 442 (220 P. 740). We find no abuse of that discretion in this instance, particularly as the testimony given tended to contradict testimony of defendant's witness, Malm, as to the direction which the marks took.

▄ The appellant complains of the action of the court in either refusing to give or in modifying certain of its requested instructions. The court gave all these instructions, either in the identical language of the request, or in substance, and what are termed "modifications" by the appellant are, except in one instance, merely additional instructions. The only exception appearing in the record, in this regard, is a general one allowed by the court at the conclusion of his instructions in the following language:

"Now, I am going to say to counsel on both sides here, that where ever you have prepared instructions and submitted them to the court and the court has failed to charge the jury with that instruction, to that failure,

I allow you an exception. Where you have proposed an instruction, and where such instruction has been modified and charged to the jury as modified, to the modification, I will allow an exception.''

We are not, therefore, called upon to review any of the errors assigned on this branch of the case, save one, which relates to an instruction asked for by the appellant and given by the court, but which was immediately followed by language which substantially changed the meaning and effect, and amounted to a modification, of the request.

In accordance with the defendant's request the court told the jury:

"Now, you cannot find the defendant liable to the plaintiff from the mere fact that an accident happened,"

and then added:

"And on the other hand—or I might state it in a little different way: The mere fact that an accident happened does not make the plaintiff liable under defendant's charge of contributory negligence. That is contra-fashion of the rule that I have just given you. The mere fact that a collision happened there does not, at the outset make either of the parties liable. *When liability appears, in this case, if it does appear on the part of either, it is only through a consideration of all of the testimony in the case that the jury will be able to resolve the question of negligence on the part of the defendant or contributory negligence on the part of the plaintiff. And that is the meaning of that instruction as to negligence.''*

The defendants filed no counter-claim and no question of plaintiff's liability was involved. Plaintiff had the burden of proof. Entirely apart from any question of contributory negligence, the plaintiff, in order to recover, must establish by a preponderance of the evi-

dence that the defendant committed one or more of the acts of negligence charged in the complaint and that such negligence was the proximate cause of his injury. But the italicized portion of the instruction is at least open to the interpretation that the sole controversy was over the question whether the plaintiff had proved negligence on the part of the defendant or the defendant had proved contributory negligence on the part of the plaintiff. In this respect we think the charge was confusing and an apparent contradiction of the requested instruction, which is a correct statement of the law, and of other instructions correctly given on the burden of of proof and properly defining the rights of the parties.

The judgment is reversed and a new trial ordered.

ROSSMAN and KELLY, JJ., not sitting.