Argued February 2, decided February 14, 1911.

. REIMERS v. PIERSON.

[113 Pac. 436.]

EVIDENCE—DECLARATIONS BY THIRD PERSONS—ADMISSIBILITY.

1. Under Section 705, L. O. L., making declarations of a third person inadmissible, except when made under a particular relation, and under Section 727, permitting evidence, after proof of a partnership or agency, of the declarations or acts of a partner or agent, it was error to permit brokers suing for a commission to show declarations by third persons without proof of their agency for defendant.

EVIDENCE—SECONDARY EVIDENCE—PRELIMINARY—PROOF REQUIRED.

2. Secondary evidence of a letter was inadmissible where the adversary was not shown to have custody of the original, nor to have been given reasonable notice to produce it, as provided in Sections 712, 782, L. O. L.

APPEAL AND ERROR—PREJUDICIAL ERROR—ADMISSION OF EVIDENCE.

3. In an action by brokers to recover a commission for producing a purchaser, error in admitting secondary evidence of the contents of a letter without laying foundation was not harmless, where the evidence of its contents tended to sustain plaintiffs' contention that they had produced a ready and willing purchaser.

APPEAL AND ERROR—ASSIGNMENTS OF ERROR—SUFFICIENCY.

4. In an action for a broker's commission, an assignment of error to an instruction respecting an exclusive contract for the sale of the land mentioned in the complaint is too general to be considered.

TRIAL—INSTRUCTIONS—OBJECTIONS—REQUISITES.

5. One must point out specifically language in an instruction complained of, so that the trial court can correct it if erroneous; an omnibus objection to the whole charge being insufficient.

BROKER'S SUIT FOR COMMISSION—INSTRUCTIONS.

6. In an action by brokers for commission for procuring a purchaser for land, an instruction on the question of exclusive contract was warranted by evidence tending to show that defendant agreed to wait till a certain day and not to sell without giving notice to plaintiffs.

From Washington:  THOMAS A. McBRIDE, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Paul Reimers and J. D. Hamilton against John Pierson, to recover $500 which they claim is due them as commission upon the sale of the defendant's farm, for which the plaintiffs secured a purchaser upon the alleged agreement that the defendant would pay that sum if they found a purchaser by the 10th of November, 1908. They alleged the performance of the agreement on

their part and the refusal of the defendant to pay the money.

The answer denies the allegations of the complaint. A jury trial resulted in a verdict and judgment for the plaintiffs for the full amount of the claim, and the defendant appeals.                                       REVERSED.

For appellant there was a brief and oral arguments by *Messrs. Bagley & Hare.*

For respondents there was a brief and oral arguments by *Messrs. Angell & Fisher.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The first error complained of by the defendant consists in the court permitting J. D. Hamilton, a witness on behalf of plaintiffs, to testify as follows: The witness was requested to "state what took place in relation to transactions related in the complaint in this action." He answered: "Well, this land was given to me—I came out here several times, and through the Kuratli Bros. here they told me that the land land was for sale, and they had a contract on or right to sell it, and I went back to town and we advertised it several different times." The defendant objected to this testimony on the ground that the same was irrelevant, incompetent, and immaterial, and that the plaintiffs were not basing their right to recover upon any contract with Kuratli Bros., which objection was overruled and to which ruling an exception was given. "The rights of a party cannot be prejudiced by the declaration, act, or omission of another, except by virtue of a particular relation between them." Section 705, L. O. L. "Evidence may be given on the trial. * * (5) After proof of a partnership or agency, the declaration or act of a partner or agent of the party, within the scope of the partnership or agency, and during its existence." Section 727, L. O. L. The declarations of the Kuratli Bros. detailed in the evi-

dence by the witness could not bind the defendant here except upon the condition precedent of proof of a partnership or agency existing between them and the defendant. Unless authorized or accepted by the defendant, the doings of the plaintiffs resulting from their conversation with Kuratli Bros. would not form any basis to charge the defendant. Such services would be those of a mere volunteer for which the defendant could not be rendered liable unless it was shown that he adopted them or had authorized their performance. The admission of the statements of Kuratli Bros. is unauthorized by our Code until after proof of their agency as against the defendant. Upon this question the record before us is silent, and without such affirmative evidence to charge the defendant it was error to receive the testimony: *Hannan* v. *Greenfield,* 36 Or. 97 (58 Pac. 888.)

2. The defendant further complains that the court committed an error in admitting secondary evidence of the contents of a letter alleged to have been written by the witness to the defendant without laying any sufficient foundation for the admission of secondary evidence thereof. Further answering the question already quoted, Hamilton testified:

"I recollect that he wouldn't take the money and didn't get to see Pierson or something, and I sat right down and wrote a letter to him, and sent it out to him by Young Crowley, telling him that the place was sold."

Counsel for defendant objected to this manner of proving the contents of the letter as irrelevant, incompetent, and immaterial. At this point a colloquy occurred between counsel as follows:

Mr. Angell: "The letter, perhaps, is in the hands of the attorneys, Bagley & Hare."

Mr. Bagley: "Oral testimony as to the contents of that is not admissible."

Court: "You have a right to call on them for the original letter."

Mr. Angell: "Have you the letter, Mr. Bagley? Did Mr. Pierson give you the letter?"

Mr. Bagley: "I haven't the letter. If we have it in our possession we will produce it."

At the afternoon session of the court the following occurred:

Mr. Bagley: "I object to that, the contents of the letter."

Mr. Angell: "We would like to get before the jury the contents of that letter. They have a letter. I don't know whether we have it in the office or not."

Court: "I think you can show the contents of the letter."

To this ruling the defendant excepted. The bill of exceptions states that the only basis for the introduction of such secondary evidence of the contents of the letter was the conversation already quoted. Section 712, L. O. L., provides:

"There shall be no evidence of the contents of a writing, other than the writing itself, except in the following cases: (1) When the original is in the possession of the party against whom the evidence is offered, and he withholds it under the circumstances mentioned in Section 782."

Section 782, prescribing the circumstances alluded to in Section 712, reads thus:

"The original writing shall be produced and proved except as provided in Section 712. If the writing be in the custody of the adverse party, he must first have reasonable notice to produce it. If he then fail to do so, the contents of the writing may be proved as in case of its loss; but the notice to produce it is not necessary where the writing itself is a notice, or where it has been wrongfully obtained or withheld by the adverse party."

The general rule laid down by the Code is that the writing itself is the only evidence of its contents, with certain exceptions, and if a party will avail himself of an exception he must by preliminary proof bring himself within

the exception. The unsworn declarations of counsel do
not constitute such proof.

"A witness can be heard only upon oath or affirmation,
and he can testify of those facts only which he knows of
his own knowledge; that is, which are derived from his
own perceptions." Section 703.

Further, the statements of counsel render it uncertain
as to who had the custody of the letter. They have cer-
tainly failed to show that the defendant had the custody
of the letter or that he withholds it after reasonable
notice to produce it. The statements of counsel quoted
above fall far short of a reasonable notice to produce the
letter. It is one thing to peremptorily demand the produc-
tion of a writing in the midst of a trial, but quite another
thing to give notice in advance that such a writing will be
required in evidence. The mere demand under such cir-
cumstances should not be allowed to supersede the office of
a subpœna *duces tecum.* We are of the opinion that the
requirements of the Code admitting secondary evidence of
the contents of a writing were not complied with.

3. It is urged by the respondents that the letter was not
material to their case, and hence the admission of evi-
dence about its contents was harmless error. However,
they are not seeking to recover damages for a breach of
the contract by the defendant whereby they were pre-
vented from performing their part of it. On the contrary
they are proceeding in affirmance of the alleged contract,
seeking to recover the agreed price and asserting full per-
formance on their part. The letter as rehearsed by the
witness would be material in proof of their contention
that they had produced a purchaser ready, able, and will-
ing to buy the land on the stipulated terms.

4. The third exception relied upon by the appellant is
alleged "error of the court in instructing the jury in
reference to an exclusive contract for the sale of the real
property described in the complaint, there being no evi-

dence of an exclusive contract, and there being no contract whatever under the evidence disclosed in the bill of exceptions that would authorize a judgment in favor of the plaintiffs." This assignment is so general in its terms that we cannot consider it.

5. It is the duty of counsel complaining of the instructions of a court to point out specifically the language in the charge of which he complains so that the court may have an opportunity of correcting the same, if it should be deemed erroneous on second thought, and it is not sufficient to make an omnibus objection to the whole charge.

6. Moreover, there is testimony in the record to the effect that the defendant promised to wait until Monday and not to sell the place without giving the plaintiffs first notice. The case stands, on the pleadings and the evidence, as the promise of the plaintiffs to secure the purchaser being the consideration of the defendant's promise to wait till a certain day and not to sell the place without giving notice. This constitutes a sufficient basis for the charge of the court on the question of exclusive contract.

The complaint about the charge of the court is not well founded, but, for the other errors indicated, the judgment of the circuit court is reversed and the cause remanded for a new trial.                                    REVERSED.