Submitted on motion to strike bill of exceptions September 28, motion denied November 9, 1926, submitted on briefs January 25, modified February 14, 1928.

# GUY L. WALLACE v. AMERICAN TOLL BRIDGE CO.

### (264 Pac. 351.)

Appeal and Error—Exception to Instructions as Inapplicable to Evidence Held Too General to Present Anything for Review.

1. In action for commissions on sale of defendant corporation's stock by plaintiff's assignor, defendant's exception to instructions on effect of defendant's acceptance of securities in payment for stock as not in conformity with, or reasonably applicable to, evidence adduced, did not present alleged error in not sufficiently submitting defendant's theory that plaintiff's assignor was authorized, by contract with both defendant and its vice-president, to sell stock on defendant's behalf for cash, and take securities in payment for stock disposed of on vice-president's behalf.

Appeal and Error—Objection to Introduction of Depositions as Incompetent, Irrelevant and Immaterial Held Insufficient to Preserve Objections to Unresponsive and Hearsay Answers.

2. Objection to introduction or receipt of depositions as incompetent, irrelevant, immaterial and not tending to support any allegation in complaint, *held* insufficient to preserve objections to unresponsive and hearsay testimony in answers which defendant did not move to strike.

Depositions—Approved Practice is to Move to Strike from Deposition Improper Answer to Proper Question.

3. When a witness in his deposition gives an improper answer to a proper question, the approved practice is to move to strike the answer.

Appeal and Error—Party cannot Preserve Objections to All Rulings on Evidence by General Objection to Mass of Questions in Deposition and Statement That He Wants Them to Go to Answer as Well.

4. Party cannot, by offering general objection to mass of questions, and stating that he wants them to go to answers as well, save for appellate court as ground for reversal, all infractions of rules of evidence thereafter committed, without making further objections, especially where answers and questions are before attorney in form of depositions.

2. See 2 R. C. L. 91; 26 R. C. L. 1048.
3. See 26 R. C. L. 1055.

**Trial—General Objection to Questions to Witnesses is not Favored.**

5.   General objection to questions to witnesses is not a favorite of the courts.

**Principal and Agent—Evidence of Alleged Agent's Declarations is Inadmissible to Prove Agency.**

6.   Evidence of an alleged agent's declarations is not admissible to prove his agency.

**Evidence—Question as to Representations to Deponent as to Maker's Connection With Defendant Held Improper as Calling for Hearsay Testimony to Prove Agency.**

7.   Question as to representations to deponent as to maker's connection with defendant corporation *held* improper as calling for hearsay testimony as to such person's declarations to prove his agency for defendant.

**Appeal and Error — Question as to Representations to Deponent as to Maker's Connection With Defendant Held Harmless, Where Deponent Said Nothing as to Declarations Made.**

8.   Question to deponent as to representations made to him as to maker's connection with defendant corporation was harmless to defendant, though improper as calling for hearsay testimony to prove agency, where deponent said nothing as to such person's declarations.

**Appeal and Error—Allowance of Interest, not Prayed for, from Date of Alleged Breach of Contract, Held not Reversible Error, Where Plaintiff Filed Remittitur.**

9.   Allowance of interest from date of alleged breach of contract to pay commission on sale of corporate stock *held* not reversible error, though no interest was prayed for, where plaintiff filed *remittitur* of such interest, and consented to entry of judgment for principal only.

**Appeal and Error—Plaintiff, Remitting Interest Erroneously Allowed from Date of Breach of Contract, Held Entitled to Judgment for Principal, With Interest from Date Thereof.**

10.   Plaintiff, filing *remittitur* of interest erroneously allowed from date of breach of contract to pay commission on sale of corporate stock, and consenting to entry of judgment for principal only, *held* entitled to such judgment, with interest from date thereof.

---

Appeal and Error, 3 C. J., p. 746, n. 16, p. 747, n. 17, 18, p. 845, n. 75.   4 C. J., p. 964, n. 82.
Depositions, 18 C. J., p. 761, n. 12.

From Multnomah: ASHBY C. DICKSON, Judge.

In Banc.

MODIFIED.

---

5.   See 26 R. C. L. 1048.
6.   See 1 R. C. L. 511; 21 R. C. L. 821.

For appellant there was a brief over the names of
*Mr. T. B. Handley* and *Mr. F. S. Sever.*

For respondent there was a brief over the name of
*Mr. Will H. Masters.*

ROSSMAN, J.—This is an action upon a parol con-
tract wherein plaintiff sought judgment for $3,803
for commissions upon the sale of capital stock in de-
fendant corporation.  The answer denied the alleged
contract and denied that plaintiff made any sales.
Only three assignments of error are argued in appel-
lant's brief.  One charges that the court erred in
admitting over the objections of defendant the depo-
sitions of four witnesses.  The other alleges error
in the instructions given to the jury.  The evidence
showed that one E. V. Vachon, plaintiff's assignor,
made several sales of shares of the capital stock of
defendant; in all these sales the entire, or a very sub-
stantial portion, of the purchase price was discharged
by accepting other securities.  The defendant con-
tended that these sales were not made in its behalf;
that the stock thus disposed of was the property of
one O. H. Klatt, its vice-president, and that Vachon
made the sales as Klatt's agent under an agreement
with him.  It admitted in the course of the evidence
that it had hired the plaintiff to sell stock, but claimed
that the authority conferred permitted him to accept
as payment, money only.  Upon this phase of the
case the court, after reviewing for the jury the plead-
ings, instructed the jury.

"You are instructed that before plaintiff can re-
cover in this action he must establish to your satis-
faction by a preponderance of the evidence that E. V.
Vachon was employed to sell its stock and that he

did sell the stock of defendant according to the terms and understanding between E. V. Vachon and the defendant; * * You are instructed that if you find that Vachon was employed by the defendant, The American Toll Bridge Company, to sell the stock of said company at a commission of fifteen per cent of the sale price, your verdict should be for the plaintiff, —if you find that the defendant, The American Toll Bridge Company, accepted bonds or other securities from the purchasers of its stock, in the place of cash, and issued to the purchasers the stock of said defendant company. And I further instruct you, as a matter of law, that if the defendant, The American Toll Bridge Company, did accept bonds and other securities, and issued its stock to the purchasers thereof, that the defendant, The American Toll Bridge Company, thereby accepted and confirmed the sale, and thereupon the commission for the sale was earned.

"Now, ladies and gentlemen, you have heard the testimony offered by and on behalf of defendant in which it is claimed that all the stock sold by Mr. Vachon, in the defendant, American Toll Bridge Company, was the personal property of Mr. Klatt; and further that Mr. Vachon was not employed by defendant to sell its stock.

"I, therefore, instruct you that after a careful consideration and comparison of all the testimony, you arrive at the conclusion that Mr. Vachon was not employed by defendant, and that the stock sold by Mr. Vachon in the defendant, American Toll Bridge Company, was the personal property of Mr. Klatt, then your deliberations would be at an end and your verdict should be for the defendant;

"Or, if you find that the plaintiff has not sustained the burden of proof and satisfied you by a preponderance of the evidence as I have already pointed out to you in these instructions, then your verdict must be for the defendant."

1. The verdict and judgment were for the plaintiff. Defendant now contends that these instructions did

not sufficiently submit its theory to the jury; that they warranted a finding of only one or the other of two possible sets of facts, that is: (a) a contract between Vachon and Klatt, or (b) a contract between Vachon and defendant, and left out of consideration entirely, its theory that Vachon had a contract with both the defendant and Klatt, wherein he could sell, for cash, stock on behalf of the defendant, and dispose of stock on behalf of Klatt by taking in payment, securities. Defendant requested no instructions; its only exception to the instructions was the following:

"The defendant desires an exception to that portion of the court's instructions as to the effect of acceptance of securities by the American Toll Bridge Company; said instructions not being in conformity with the evidence adduced, or reasonable in its application to such evidence. The Court: Exception allowed."

This exception wholly failed to point out to the trial court the matter presented to us, that is the theory of defendant; we do not believe that anyone would understand from the exception stated that the defendant was dissatisfied with the court's statement of the respective contentions of the parties.

In 3 C. J., Appeal and Error, Section 639, we find:

"When an objection is made, the trial court and opposing counsel are entitled to know the ground on which it is based, so that the court may make its ruling understandingly, and so that the objection may be obviated, if possible; and therefore, as a general rule, objections, whether made by motion or otherwise, and whether to the pleadings, to the evidence, to the instructions or failure to instruct, * * or to other matters, must, in order to preserve questions for review, be specific and point out the ground or grounds

relied upon, and a mere general objection is not suffi-
cient.   The appellate court will not review a question
not raised in the court below with sufficient definite-
ness to make it clear that there was no misunder-
standing of the point ruled on.   And, where a wrong
reason is assigned for an objection, it is the same as
if there was no objection at all.''

In 1 Randall's Instructions to Juries, Section 519,
we find:

''While in some jurisdictions a general exception
to the charge of the court is authorized, and is suffi-
cient without pointing out in detail the specific in-
structions challenged, the practice of taking general
and obscure exceptions to the charge at the moment,
in order to cover the case and enable counsel, on sub-
sequent critical examination, to raise points which
have never been suggested at all to the mind of the
trial judge, is objectionable on many grounds, and the
general rule in most jurisdictions is that an exception
to the instructions as an entirety is not tenable, but
that, on the contrary, exceptions to the charge of the
court must point out some definite or specific defect,
this rule requiring, in some jurisdictions, that the
grounds of the objection be stated, and ordinarily the
particular part of the charge of which complaint is
made should be set out or pointed out, and it is held
that such rule, being mainly established for the pro-
tection of the prevailing party and being in further-
ance of justice, cannot be abrogated by the practice
of any trial court.''

''One of the purposes of such rule being to give
the court an opportunity, if convinced of error in its
charge, to correct it, the test of the sufficiency of an
exception is whether it fairly directs the attention of
the court to the claimed error.   An objection to a
charge should be as definite as an assignment of error
to it is required to be.''

This court has held to similar effect; thus in *Rei-
mers* v. *Pierson,* 58 Or. 86 (113 Pac. 436) we said:

"It is the duty of counsel complaining of the instructions of a court to point out specifically the language in the charge of which he complains so that the court may have an opportunity of correcting the same, it should be deemed erroneous on second thought. * * "

This exception presents no error.

2. The testimony of four of the plaintiff's witnesses was presented by deposition; the depositions were taken on questions agreed upon beforehand. When plaintiff proposed to read the questions and answers to the jury, defendant's counsel stated: "The defendant objects to the introduction or receipt of the depositions of G. S. Butler as incompetent, irrelevant and immaterial and not tending to support any allegation in the complaint."

3, 4. Some colloquy occurred between the court and the counsel as to the contents of the deposition, but the objection was not amplified. We have carefully read all the questions in the depositions and find that all, with one exception, are competent, relevant and material: the subject matter they refer to, was in support of plaintiff's case. One or two of the witnesses in making answer wandered away from the questions somewhat, and perhaps made statements based upon hearsay information, but no motions to strike the extraneous remarks was made by defendant. The objection goes to the question but not the answer. When to a proper question the witness gives an improper answer, the approved practice is to move to strike the answer: Wigmore on Ev. (2 ed.), §18; *Marinoni* v. *State,* 15 Ariz. 94 (136 Pac. 626); *Hodges* v. *Wilson,* 165 N. C. 323 (81 S. E. 340). In the interchange of remarks that occurred when the depositions were offered, defendant's counsel refer-

ring to his objection, which we have previously quoted, stated:

"I want that to apply to every question and answer.

"The Court: He wants an objection to every question and each answer, in each of the other objections, on the same grounds that the ruling of the Court would be the same, and an exception allowed to each."

Opposing counsel replied: "For the Court's protection, in the case the Court thinks there is some question in here that is objectionable I would like the Court to pass on that.

"The Court: I will pass on that if the question is raised."

But we do not understand that a party by offering a general objection to a mass of questions, and stating he wants his objections to go to the answers as well as the questions, can thereafter sit supinely by, feeling assured that he has run an effective dragnet through the record which will save for the appellate court as ground for reversal all the various infractions of the rules of evidence that may be thereafter committed. If this can be done as to four depositions, it can be done as to all the evidence.

5. Where the attorney has both answers and questions before him, he can more readily determine whether any given statement is unsatisfactory to him, and if a rule of evidence was violated he can point out specifically which one. This difference in convenience has been recognized by the courts: *Steer* v. *Little,* 44 N. H. 613. Furthermore, the general objection is not a favorite of the courts: *State* v. *Von Klein,* 71 Or. 159 (142 Pac. 549, Ann. Cas. 1916C, 1054).

In *Ellis* v. *Abbott,* 69 Or. 234 (138 Pac. 488), plaintiff offered the testimony of two witnesses by their depositions. The defendant objected on the same ground suggested by the defendant in this case, that is, the general objection, incompetent, irrelevant and immaterial. Upon appeal he argued that the matter stated by the witnesses in their depositions was inadmissible because no proof had been offered as to the inability of the witnesses to be present at the trial. This court held that the latter objection was not available to the defendant, due to the fact that his objection did not suggest it to the trial court. Thus this court said:

"In the examination of a cause upon appeal, the inquiry is limited to the identical question considered by the trial court. Any other course of procedure would not be a review. * * The error insisted upon was not presented in such manner as to notify the court and adverse counsel of the real question now urged * * Such being the case, the error complained of is unavailing."

In *Sigafus* v. *Porter,* 84 Fed. 430, Mr. Justice LACOMBE states the rule thus:

"The objection was not fairly called to the attention of the judge who tried the cause. The stock objection 'incompetent, irrelevant, and immaterial' covers a multitude of sins. There is hardly an objectionable question but what can be classified under one or other of these heads. Sometimes the real nature of the objection is so plain that the general phrase will be quite sufficient to indicate it; indeed, it may be quite apparent without any statement of the grounds of objection at all. But there are many other objections which rest upon some particular theory of the case, or upon some single fact in proof, which a judge may readily forget in the course of a long and intricate trial. It is only fair in such cases

to require counsel to state clearly to the trial judge on what ground it is that they object. Certainly it is not fair to allow such a general dragnet as 'incompetent, irrelevant, and immaterial' to be cast over every bit of evidence in the case which counsel would like to keep out, and then to permit counsel, upon careful analysis of the printed narrative of the trial, to formulate some specification of error not thought of at the time, and which, if seasonably called to the Court's attention, might have been avoided, or corrected.''

In *New York etc. Co.* v. *Blair,* 79 Fed. 896, the court speaking of the general objection interposed to a question in that case referred to it as ''a specimen of a practice not to be encouraged, which is to object with a rattle of words that conceal the real nature of an objection capable of being removed on the spot, and to announce its true character for the first time in the appellate court.''

6–8. In the case before us, only one of a great many questions contained in the four depositions was objectionable; it called for hearsay evidence of a type peculiarly inadmissible, because it sought to prove one's agency by the latter's declarations; this question was;

''Q. During these negotiations did you ever have any conversation with any other person who was introduced to you by Mr. Vachon, if so, state his name, and the representations which he made to you as to his connection with defendant? A. Now then there was a fellow came out with him the day that he made this deal and his name was Lafer, or some such a name as that. He was represented to me as just an agent,—a general agent for the American Toll Bridge Company, or general manager, or something like that, and he never said one more word,—he just sat there and overheard the conversation, he was

there, and he was connected up in some manner with the American Toll Bridge Company, but as to his part in it I don't know any more than he was general manager, or something like that. I don't think he was an agent for them at all, that is in selling stuff.''

It will be observed from the answer that the deponent said nothing as to the third person's declarations. The question called for hearsay testimony but the witness gave none. Hence no harm was done the defendant. We find no error in the court's ruling as to the depositions.

9, 10. The third assignment of error complains that the court allowed interest from the date of the breach when none was prayed for; but the plaintiff filed a *remittitur* of the interest and consents that judgment should be entered only for the principal. It follows therefrom that the plaintiff should have judgment for the principal without interest from breach, but with interest from the date of the judgment. With this modification the judgment of the lower court is affirmed.     MODIFIED.