Argued October 16; affirmed December 9, 1930; rehearing denied
January 20, 1931.

## MICHELIN TIRE CO. OF CALIFORNIA *v.*
## WILLIAMS
(293 P. 938)

*C. M. Hodges,* of Portland (Hodges & Gay, of Port-
land, on the brief) for appellant.

*G. L. Rauch,* of Portland, for respondent.

PER CURIAM. This action has been here on two former appeals (116 Or. 217 and 125 Or. 689). On the first appeal a judgment of involuntary nonsuit was affirmed. On the second appeal, a judgment in favor of defendant for $8,000 was reversed and the cause remanded for a new trial because the evidence failed to support defendant's second affirmative defense and counterclaim. On the third trial, verdict and judgment were had for defendant in the sum of $7,591.66, and plaintiff again appeals. The pleadings, with the exception of one amendment thereto, are the same as when before this court on former appeal. It would require several pages of the Oregon Reports to restate the issues. Reference is, therefore, made to the report of the case in 125 Or. 689, wherein the pleadings are summarized.

■ Plaintiff excepts to the ruling of the trial court in permitting defendant to amend his answer so as to allege punitive damages. Since it affirmatively appears from the verdict of the jury that only compensatory damages were awarded, we are at a loss to see wherein plaintiff has been injured.

■■ Plaintiff predicates error on the admission of secondary evidence to prove the contents of a written order given by defendant for the purchase of merchandise, asserting that it did not have reasonable notice to produce the writing as required by section 782, Oregon Laws. There is no merit in this contention for at least two reasons: (1) Plaintiff denied the existence of such alleged written order, or that it ever came into its possession. Under such circumstances, the statute has no application and it was not necessary to serve plaintiff with notice to produce the written order: Jones, Commentaries on Evidence (2d Ed.), § 850, citing many cases in support of the text. Also

see 22 C. J. 1041. (2) The written order was essential to the maintenance of defendant's second counterclaim. Therefore, such pleading constituted sufficient notice to produce the written order if it was in possession of the plaintiff: *Peters v. Queen City Insurance Co.*, 63 Or. 382 (126 P. 1005).

■ Much space is devoted in the brief of appellant to criticism of the instructions given by the court to the jury. Exception is also taken to the failure to give all of the instructions requested by the plaintiff. In taking these exceptions at the close of the charge, counsel for plaintiff said: "* * * plaintiff excepts to the failure of the court to give its requested instructions Nos. 1, 2, 3, 4, 5, 6, 7, 8, and 9 and objects to the giving of defendant's requested instructions Nos. 1, 2, 3, 4, 5, 6, 7, and 8, and instructions given by the court between the giving of instruction No. 7 and No. 8." It will not suffice for counsel to make such an omnibus objection to the instructions in the trial court and, on appeal, urge every reason which may come to his mind as ground for reversible error. As stated in *Reimers v. Pierson*, 58 Or. 86 (113 P. 436), quoted with approval in *Wallace v. American Toll Bridge Co.*, 124 Or. 179 (264 P. 351):

"It is the duty of counsel complaining of the instructions of a court to point out specifically the language in the charge of which he complains so that the court may have an opportunity of correcting the same, if it should be deemed erroneous on second thought, and it is not sufficient to make an omnibus objection to the whole charge."

In the light of these decisions we refuse to consider assignments of error in reference to the instructions. The judgment of the lower court is affirmed.