Argued January 7; affirmed February 10; rehearing denied
March 17, 1931

## BRADY *v.* HODLER
(295 P. 502)

*Barnett H. Goldstein*, of Portland (Harry De Francq, of Portland, on the brief) for appellant.

*Ernest Cole*, of Portland (Fred A. Allehoff, of Portland, on the brief) for respondent.

BELT, J. This is an action on two promissory notes dated January 26, 1929, due on demand, one for the sum of $2,130.65 and the other for the sum of $666.60, both of which were endorsed to the plaintiff. The execution and assignment of the notes are admitted. Defendant, in her further and separate answer, alleges that these two renewal notes were executed by her to cover the principal and interest on two notes given by her to Bernard Brady to secure the payment of money borrowed from him in 1920 and 1921. She alleges that the original notes were barred

by the statute of limitations and that they were also uncollectible ''because said notes were usurious.'' She also avers that the renewal notes were obtained through the fraud of Bernard Brady, who represented ''that he had prepared papers and would file a suit upon said original notes and would attach all the defendant's property unless she immediately signed and executed said new notes, but that if the defendant would execute the said new notes, that the defendant's property would not be attached and that suit would not be brought on said original notes, and that said new notes would not have to be paid until the said Delia Hodler had sold her real property and that no suit or attachment would be filed on said new notes.'' She further alleges, in substance, that the above representations were false and fraudulent, that she relied thereon, and was induced thereby to execute the notes in question. Plaintiff, in his reply, admits the execution of the original notes, but denies that they were barred by the statute of limitations or that the renewal notes were obtained through fraud. Verdict and judgment were had for plaintiff for the full amount due on the notes, together with attorney fees for the prosecution of the action.

■ Defendant appeals, assigning as error the giving of two instructions, the first of which is as follows:

''You are instructed that an oral agreement entered into or made between the payee and the maker of the note at the time or before the giving of the promissory note or notes in reference to the payments thereof, contrary to the terms and conditions of the promissory note itself, does not constitute a defense to the notes. I call your attention to that, for the fact that there is an allegation in the answer in which she says there were representations made that the notes would not need to be paid until she sold some property. That, in

itself, would not be any defense, because under the law you cannot change the terms of a written instrument such as a promissory note by some oral agreement contrary to the terms of the note or the requirements of the note.''

It is conceded that the above instruction is a correct statement of the law, but defendant contends that there is no evidence of any oral agreement contrary to the terms of the note and that, therefore, the instruction is erroneous. We do not think the instruction is subject to the criticism that it is merely a statement of an abstract proposition of law. It will be noted from the pleadings that defendant's charge of fraud is based partly upon an alleged agreement as above set forth. It was proper, therefore, for the court to give such instruction in order that the jury might not be misled as to the issues of the case. Defendant now asserts that fraud was the only issue involved but, obviously, the answer is not so restrictive. Furthermore, there was only a general exception taken to the above instruction. Counsel did not specifically point out to the lower court the objection which he now urges. Once more we reiterate that this is a court of review: *Michelin Tire Co. v. Williams, ante,* p. 158 (293 P. 938) ; *State v. Reed,* 52 Or. 377 (97 P. 627) ; *Kearney v. Snodgrass,* 12 Or. 311 (7 P. 309).

■■ The second assignment of error is based upon the giving of the following instruction:

''Yes, I will instruct the jury—if you find from the evidence and under the instruction of the court with respect to fraud and false representations that the former notes were barred by the statute of limitations, and that the defendant was induced to sign the new notes through the fraud and misrepresentations, if any, of Mr. Bernard Brady, then your verdict should be for the defendant. On the other hand, if the defendant has failed to sustain the burden of proof resting

upon her with regard to the alleged fraud or false representations, or the former notes were not barred by the statute of limitations, then your verdict must be for the plaintiff.''

The above instruction, while somewhat confusing, merely required the defendant to establish that the renewal notes were executed as a result of fraud. Assuming that the original notes were unenforcible by reason of the statute, plaintiff could prevail in this action if the renewal notes were not obtained through fraud. If no fraud was practiced on defendant, plaintiff would be entitled to recover regardless of whether the original notes were barred by the statute of limitations. The error, if any was committed, was invited by the defendant. Her contention on appeal is inconsistent with her theory in the trial court, as evidenced by her answer and the instructions which she requested the court to give. At the conclusion of the general charge, counsel for defendant requested the court to specifically instruct:

''That if the jury find that the notes were outlawed that at the time the new notes were given, the old notes were outlawed, and at the time the new notes were executed they were induced by the fradulent representations by Mr. Bernard Brady and in reliance of these representations the defendant acted upon them, then it is their duty to sign a verdict for the defendant.''

In compliance with this request, the court gave the instruction of which complaint is now made. The only exception taken to it by defendant was: ''We save an exception with regards to the proof that the notes were outlawed.''

Finding no error which would warrant a reversal, it follows that the judgment of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.