PATROSSO, J.
Plaintiff instituted this action against Bert M. Morris Company and others, but as the action was dismissed as to all defendants except the Morris Company, we shall refer to the latter as the defendant.
The complaint is in two counts. The first alleges that the parties entered into an agreement whereby plaintiff agreed to prepare and print 250,000 pieces of advertising matter *872 for the defendant, for which the latter promised and agreed to pay $756.50 plus $26.48 sales tax; that plaintiff fully performed his part of the contract by printing and delivering the advertising matter to the defendants who refused to pay for the same. The second cause of action is in the form of a common count for work, labor and material alleged to be of the reasonable value of the same amount.
Defendant’s answer consists of a general denial and a special defense wherein it is alleged that the work in question was performed for and pursuant to a contract with the Irwin Advertising Agency (not a party herein) who had been engaged by defendant to conduct certain advertising for it, by the terms of which contract plaintiff agreed to prepare, manufacture and deliver to the advertising agency the advertising matter in question, which was to be printed on buff color bond in royal blue ink of uniform appearance and texture in a good, artistic and workmanlike manner; that the printed matter was to have printed thereon a reproduction of the tip of a fountain pen which was not to contain thereon the word “iridium”; that plaintiff failed to perform his agreement in these respects and that the advertising agency and the defendant refused to accept the same.
The court found in accordance with the allegations of plaintiff’s first cause of action and that the allegations of defendant’s special defense were untrue. From the resulting judgment in favor of plaintiff, defendant appeals.
It should perhaps be noted at the outset that the plaintiff is not engaged in the printing business as such but is what may be denominated a printing broker who solicits and secures orders for printing which in turn are executed by printers under an independent contract between himself and the latter.
Defendant earnestly contends that the findings are unsupported by the evidence, but an examination of the reporter’s transcript satisfies us that the evidence, although conflicting, when viewed in the light most favorable to the plaintiff is sufficient to support the findings in each particular concerning which defendant complains.
Defendant further contends that the court erred in its rulings on evidence, to which we now direct our attention.
Defendant in part defended upon the ground that the printed matter caused to be produced by plaintiff was unacceptable because it contained the picture of a fountain pen upon the point of which the word “iridium” appeared; *873 that the use of the word was prohibited by the United States government, and when plaintiff submitted a preliminary proof of the advertisement he was advised of this fact by defendant and a notation was made upon the proof that the word was to be eliminated. Upon the trial plaintiff failed to produce the proof upon demand therefor, and introduced evidence to the effect that it had been delivered by him to the printer who stated he could not locate the same. The defendant then offered to prove by the president of defendant corporation that in a conversation had with plaintiff’s attorney after the controversy arose wherein she requested the return of the art work and the proof which plaintiff had submitted to defendant, the attorney stated “that they had the art work and proof, but they would not return it because they needed it for evidence.” Upon objection of the plaintiff, the offer of proof was rejected. The ruling was erroneous, for, if received, it would have tended to establish that the printer had not lost the proof as plaintiff undertook to testify, but that the same was in possession of plaintiff or his agent, in which circumstances from plaintiff’s failure to produce the same there would arise the presumption that, if produced, it would'be adverse to plaintiff. (Code Civ. Proc., § 1963, subd. 5.)
Also in support of its contention that the contract for the printing in question was entered into between plaintiff and the Irwin Advertising Agency, and not the defendant, the latter called as a witness an employee of the agency who testified that the work in question was performed by plaintiff pursuant to a purchase order issued by the agency, one copy of which was delivered to plaintiff and two copies retained by the agency. Defendant then offered in evidence a copy of the purchase order in question, but the offer was rejected by the court upon the ground that it was not the best evidence and that no demand had been made upon plaintiff to produce the original. However, as plaintiff had previously testified that he had never received a purchase order from the Irwin Agency, a demand to produce would have been futile, and the court’s ruling was erroneous. (Dold v. Munsor (1922), 107 Neb. 501 [186 N.W. 353, 354]; Michelin Tire Co. of Cal. v. Williams (1930), 135 Ore. 158 [293 P. 938, 939]; 32 C.J.S. p. 778, § 844 and cases cited in notes 84 and 85.) If the evidence had been received, it would have tended to establish the untruth of plaintiff’s testimony that he did not understand that his contract for the printing was with the Irwin *874 Agency rather than defendant and hence was relevant to an issue tendered by the pleadings.
In explanation of why he did not keep “brown line proof” of matter printed by him, the printer stated that such proofs faded and became illegible within a relatively short period of time. In rebuttal of this, defendant undertook to prove that “brown line proof” remained legible for a long period of time—as much as three years—but upon objection, the court excluded the testimony. The ruling also was erroneous.
Likewise erroneous was the ruling excluding proof by an expert—concerning whose qualifications no question was raised—that the printing done by plaintiff did not measure up to ordinary standards of quality in the printing industry. One of the principal issues in the ease was whether the printing was of good artistic and workmanlike quality—a proper subject of expert testimony. (Code Civ. Proc., § 1870, subd. 9.) True, the trial judge would not have been bound to accept the witness’ testimony, but this does not operate to render the proffered testimony inadmissible.
The judgment is reversed.
Bishop, Acting P. J., concurred.