Submitted on brief April 26, affirmed July 11, 1916.

# CASH *v.* GARRISON.*

### (158 Pac. 521.)

**Action—Nature and Form.**

1. Where a complaint alleges the conversion of personalty, the breach of an agreement as to the manner in which business should be conducted, and misrepresentations as to the ownership of property involved all resulting in the destruction of plaintiff's business, the action is not in the nature of trover, but of action on the case.

**Damages—Elements—Injury to Business.**

2. In an action on the case in which plaintiff alleges the conversion of personalty, the breach of an agreement in regard to the manner in which business should be conducted, and misrepresentations as to the ownership of property, all tending to the wrecking of plaintiff's business for the benefits of defendants, plaintiff is entitled to recover, not only for the value of her interest in the physical property converted, but for the resultant injury to the business.

**Appeal and Error—Disposition of Cause—Affirmance.**

3. Under Article VII, Section 3, of the Constitution, as amended, authorizing the Supreme Court to affirm the judgment when it can be determined that it was such as should have been rendered, the judgment in an action for conversion of property and injury to plaintiff's business will be affirmed, notwithstanding technical errors, where the Supreme Court determines that the verdict was such as should have been rendered.

[As to what is conversion, see note in 15 Am. Dec. 151.]

From Multnomah: WILLIAM GALLOWAY, Judge.

In Banc.    Statement by MR. JUSTICE McBRIDE.

This is an action by Emma Cash against E. B. Garrison and others, to recover damages alleged to have been sustained by plaintiff by reason of certain alleged wrongful and fraudulent acts of defendants. The complaint is too lengthy to be inserted here, but the substance of plaintiff's alleged cause of action may be

*For authorities on the question of loss of profits as element of damages for conversion, see note in 52 L. R. A. 51. And for cases passing upon the question of loss of profits on sale or purchase of business, as element of damages, see note in 52 L. R. A. 238.

REPORTER.

briefly summarized as follows: At the times mentioned in the complaint defendants Joseph Mannix, E. B. Garrison and Bert Robison were doing business under the names of Portland Bottling Works, Shasta Water Company and Pioneer Soda Company. Defendants Robison and Lidell were doing business as partners under the name of Coca-Cola Bottling Works. On and prior to March 15, 1911, William H. Carter, Henry Maillard and Vance Gratton were partners engaged in the manufacture of soda water, Shasta water and other like substances, under the firm name of Carter-Maillard, and were conducting a profitable business and owned and controlled valuable assets consisting of machinery and supplies of the value of $10,000. On March 15, 1911, plaintiff, with the consent of Gratton and Carter, purchased the one-third interest of Maillard, paying him therefor the sum of $3,600, and became a partner in the business with Carter and Gratton. On October, 1911, defendants Garrison, Mannix and Robison conspired together for the purpose of cheating and defrauding plaintiff to get control of the business, property and assets of Carter-Maillard and Shasta Water Company, and to that end entered into negotiations with Carter, Gratton and plaintiff to purchase an interest in said property. Mannix with the knowledge and consent of Garrison and Robison, falsely represented that he was the owner of the property and assets of the Pioneer Soda Works, which he falsely represented had property and assets worth approximately $10,000, and in pursuance of the fraudulent scheme agreed to sell the same to the Carter-Maillard company and to assume and pay all the debts of the Carter-Maillard company, provided they would sell to him an undivided one-fourth interest in said partnership.

There were further allegations to the effect that Mannix was not the owner of the Pioneer Soda Works and that Garrison and Robison had guilty knowledge of all his false representations and that the trade was closed upon the terms above mentioned. It was stipulated that the assets of the Pioneer Soda Works would be consolidated with the assets of the Shasta Water Company and Carter-Maillard, and that Mannix, acting in conjunction with Garrison and Robison, caused all the property of the Pioneer Soda Works to be brought over to the partnership of Carter-Maillard, and the business of the several companies was consolidated, which partnership did a large and profitable business and held valuable rights, franchises and licenses in the State of Oregon. In November, 1911, the defendants Robison, Mannix and Garrison, for the purpose of getting possession of the business of the consolidated companies and defrauding plaintiff, caused to be organized a corporation, known as the Portland Bottling Works, and, without the knowledge or consent of plaintiff and against her will, attempted to turn over, and did turn over, to said corporation all the property and assets of the consolidated companies. To abbreviate several pages of the complaint, it appears therefrom that Garrison, Mannix and Robison have broken their agreement to pay the debts of Carter-Maillard and the Shasta Water Company, have misapplied its receipts and disposed of its property, and so fraudulently managed its business that it has fallen from a highly profitable one to a worthless bankrupt concern, whereby plaintiff has been swindled out of the legitimate fruits of her investment. The matter in the complaint being put at issue, there was a jury trial and a verdict for plaintiff for the sum of $1,250,

and, from a judgment upon such verdict, defendants appeal.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

AFFIRMED.

For appellants there was a brief over the names of *Mr. Ralph E. Moody, Mr. George I. Brooks* and *Mr. A. Walter Wolf.*

For respondent there was a brief submitted by *Messrs Sheppard & Brock.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2. The testimony in this case is very voluminous and the record complex. In the brief of appellants, it is assumed that this is the old common-law action of trover, but this assumption is erroneous. It is an action on the case as nearly as it can be assimilated to any of the common-law forms of action. It sets forth a long series of alleged wrongs and grievances, culminating in the fact that by reason of all these plaintiff has lost her investment and has been deprived of her property. So far as the conversion of the physical properties is concerned, it has the aspect of trover; so far as a breach of the agreement, in regard to the manner in which the business should be conducted, is involved, it has the aspect of an action *ex contractu;* so far as the misrepresentations as to the ownership of the property are concerned, it has the aspect of an action for deceit; but all the various acts and delinquencies tended to the same end, namely, to the wrecking and absorption of plaintiff's business for the benefit of defendants. It is an action on the case,

and, as such, if plaintiff was entitled to recover damages at all, she was entitled to recover not only for the value of her interest in the physical property converted, but for the resultant injury to the business.

"A series of wrongful acts, all aimed at a single result and contributing to the injury complained of, to wit, the destruction of one's business, credit and reputation, may be counted upon collectively, as producing that result, in an action on the case": *Oliver* v. *Perkins,* 92 Mich. 304 (52 N. W. 734).

3. In this view of the case, many of the objections to the instructions of the court disappear. Numerous objections were made to the rulings of the court in regard to the admission and rejection of testimony; in fact, the case seems to have been tried without much regard to the rules of evidence, and many technical errors in this respect appear in the transcript of testimony brought here. Considering the complicated state of the pleadings and the volume of testimony introduced, it is small wonder that errors were committed.

A perusal and consideration of the whole case satisfies us that the appellants engaged in a "get-rich-quick" scheme at plaintiff's expense, and that the verdict was such as should have been rendered, and therefore, notwithstanding the technical errors appearing in the transcript, the judgment should be affirmed, as permitted by Article VII, Section 3, of our amended Constitution, and it is so ordered.          AFFIRMED.

MR. JUSTICE EAKIN absent.