Submitted on briefs January 2, affirmed January 13, rehearing denied January 20, 1925.

## FRANK EWING v. WM. A. RYAN AND R. R. RYAN.

### (231 Pac. 981.)

**Vendor and Purchaser—Failure to Pay Installments Does not Ipso Facto Work a Forfeiture Under Clause Conferring Such Option on Vendor.**

1.  Where vendor has option of declaring termination of contract and forfeiture of previous payments for nonpayment of installments, clause is not self-executing and right is waived, unless exercised promptly.

**Vendor and Purchaser—On Default After Waiver of Option to Declare Forfeiture, Due Notice of Intent to Exercise It Revives It.**

2.  Where vendor waives option of terminating contract and declaring forfeiture of previous payments, by accepting payment after default, due notice of intent to exercise option in future revives it.

**Vendor and Purchaser—Forfeiture of Land Contract for Default in Payments Proper Notwithstanding Waiver of Prior Default.**

3.  Though vendor by accepting overdue installments under land contract waived time essence clause therein, he could nevertheless declare forfeiture for subsequent defaults where purchaser had been notified that her contract would be canceled if not complied with, and thus was not led to believe that prompt payment would not be required.

**Vendor and Purchaser—Finding of No Agreement for Application of Rent as Payment Under Land Contract Sustained.**

4.  Where vendor declared forfeiture of land contract for default in payment of installments, evidence *held* to support finding that there was no agreement for application of rent as payment.

---

1.  See 27 R. C. L. 612.
      113 Or.—15

From Marion: GEORGE G. BINGHAM, Judge.

In Banc.

This is a suit for specific performance of a contract to convey real property. On October 15, 1920, Wm. A. Ryan entered into a written agreement to sell E. Asher lots 5 and 6 in block 15, Riverside Addition, Salem, Oregon, for the sum of $750. In accordance with the terms of the contract $150 was paid upon execution thereof and the balance of the purchase price was to be made in monthly installments of $10, commencing on the fifteenth day of November, 1920. Upon payment in full, the vendor agreed to execute and deliver a warranty deed conveying the above-described premises to Asher. The contract further provided:

"It is understood and agreed that time is the essence of this contract and the party of the first part has the option to declare the amount paid hereon forfeited and this contract cancelled unless the payments hereinbefore mentioned shall be made strictly at the time and place herein provided.

"Provided, That in case of the serious illness of the said second party, or of loss of position if he be a salaried employee, at any time during the said installment period, the payment of the remaining installments may be deferred at his option until his recovery therefrom, or until he secures another position, but not to exceed in any event a period of three months, without the forfeiture of remaining installments."

Asher made his payments strictly in keeping with the terms of his contract, and on October 7, 1921, assigned the same to the plaintiff herein. Plaintiff's last payment of $37.50 on this contract was made on April 20, 1922, covering the amount due, principal and interest, for the months of February, March and

April of that year. Plaintiff then left Salem and remained away in Portland until February, 1923, when he heard that Ryan had elected to exercise his option to declare a forfeiture of payments made and a cancellation of the contract. Plaintiff then returned to Salem and offered to pay but made no formal tender of the amount due on the contract, and was advised by Ryan that the contract had been terminated and that he no longer had any interest in the same by reason of his failure to make payments as provided therein. When the plaintiff made his last payment in April and left for Portland, the property was much neglected and soon became in a dilapidated condition. Windows in the house were broken, stock roamed about the yard, and the premises were no longer fit for residence purposes. Taxes had become delinquent. Under these conditions the vendor, in August, 1923, took possession of the property and expended, as he says, the sum of $700 in improving the same. Before taking possession, however, notice was given by him to E. Asher and the General Finance Company, a corporation, grantee in a deed given as collateral security by the plaintiff, that unless payments under the contract were made he would cancel the same and forfeit all prior payments. After the defendant Ryan had taken possession of the property in question he rented the same through his agent and son, the defendant Wm. A. Ryan, to various persons, and has continued so to do to the time of the commencement of this suit. Plaintiff in his amended complaint alleges a performance of the contract on his part, a tender of the amount due thereunder, and the failure and refusal of the vendor to convey the property. Defendants charge that the plaintiff after his last payment abandoned the property, and, although frequent demands have been

made of him for payment, he has failed to comply therewith.

The Circuit Court dismissed plaintiff's suit, and from that decree he appeals.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the name of *Mr. Robin D. Day.*

For respondents there was a brief over the names of *Mr. S. M. Endicott, Mr. V. D. Bradeson* and *Mr. Walter C. Winslow.*

BELT, J.—1. The principal contention of the plaintiff is that after he was delinquent in his payments, the vendor accepted payment and thereby waived the force and effect of the time essence clause embodied in said contract. This clause is for the benefit of the vendor and may be waived. It being optional with the vendor whether to declare a forfeiture by reason of nonpayment, such clause is not self-executing and does not become operative until exercised. Failure to pay installments when they mature does not *ipso facto* work a forfeiture of a contract under a clause conferring an option to do so, but merely gives a right to declare a forfeiture which is waived unless exercised promptly: *Graham* v. *Merchant,* 43 Or. 306 (72 Pac. 1088).

2, 3. When default is made after waiver, a forfeiture cannot be declared until a definite, specific and reasonable notice has been given to the vendee that the contract will be canceled and payments forfeited if the amount due is not paid: *Mitchell* v. *Hughes,* 80 Or. 583 (157 Pac. 965); *Gray* v. *Pelton,* 67 Or. 244 (135 Pac. 755); *Graham* v. *Merchant, supra.* In the instant case there was a waiver of

the time essence clause when the vendor accepted payment on April 20, 1922, as the vendee was then in default. But was he lulled into a false sense of security by the indulgence of the vendor? Was he led to believe that the vendor would not in the future insist upon a strict performance of his contract in reference to time of payments? No. At the very time that he made this payment of $37.50 the vendor informed him that "if he did not keep his contract that he would cancel it." He was thus put upon his guard. After the expiration of the ninety-day grace period as provided in the contract due and sufficient notice was given by letter to Asher and the General Finance Company, plaintiff's grantee, to the effect that the vendor would exercise his right of forfeiture, but no action was taken by the plaintiff until February, 1923, or about nine months after he was in default. In our opinion the defendant properly exercised his right of option to declare a termination of the contract in question and a forfeiture of the payments made.

4. Plaintiff claims that at the time he made his last payment on April 20, 1922, he had an agreement with the defendant R. R. Ryan, acting as agent for his son, defendant herein, whereby all rental received for the use of the premises in question should be applied on the balance due under the contract of purchase. Plaintiff testified positively that at the time this agreement was made he made arrangements with a Mrs. Williams, who was then occupying the premises as a tenant, to pay the rental to Ryan for the purposes above stated. The record, however, discloses beyond doubt that the property at such time was not occupied by her. Mrs. Williams says that she commenced as a tenant August 7, 1920, and when called as a witness by counsel for appellant it is noteworthy that she did not corroborate the plain-

tiff so far as this alleged agreement is concerned. R. R. Ryan denies ever having made such agreement. The trial court found against plaintiff in this contention, and we concur in such finding.

The conclusion herein reached that the plaintiff defaulted in making his payments under the terms of the contract and that the vendor gave due and proper notice of his intention to declare a forfeiture and a cancellation of the contract is decisive of the case at bar and makes it unnecessary to consider the question of tender and abandonment of the contract as presented by counsel for respondent.

The decree of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.