Argued March 13, affirmed April 23, 1929.

ISRAEL KORN v. F. L. GREEN ET AL.

(276 Pac. 1112.)

For appellants there was a brief over the name of *Mr. Edward A. Boyrie,* with an oral argument by *Mr. Wm. B. Layton.*

For respondent there was a brief and oral argument by *Mr. Barnett H. Goldstein.*

BELT, J.—Defendants appeal from a judgment had by plaintiff in an action to recover damages re-

sulting from an alleged malicious attachment. Error is predicated on the admission of evidence relative to the following elements of damage, which will be considered in the order stated: (1) injury to the credit standing of the plaintiff; (2) loss of profits; (3) attorney fees.

■ Plaintiff is and has been for a number of years engaged in the furniture business in Portland, Oregon. He alleges that he had established a good reputation for honesty and integrity in business dealing and that he had enjoyed a high credit standing with those with whom he had business relations. Plaintiff asserts that, on account of the writ of attachment issued maliciously and without probable cause, his credit has been greatly impaired and his reputation as a merchant injured. When an attaching creditor, through the sheriff, takes possession of a place of business and deprives the owner of the right to conduct it, it is reasonable to infer that the credit standing of such merchant is injured. The reputation of being fair and punctual in meeting demands of creditors is indeed a valuable business asset. In an action on the case it is well settled that damages may be recovered for injury to credit. In the instant case the jury was warranted in drawing the inference that the tortious act of the defendants was the direct, natural and proximate cause of plaintiff's loss of credit: *Cash* v. *Garrison,* 81 Or. 135 (158 Pac. 521); *Lawrence* v. *Hagerman,* 56 Ill. 68 (8 Am. Rep. 674); *Kyd* v. *Cook,* 56 Neb. 71 (76 N. W. 524, 71 Am. St. Rep. 661); *Hayes* v. *Union Mercantile Co.,* 27 Mont. 264 (70 Pac. 975); *Gildersleeve* v. *Overstolz,* 90 Mo. App. 518; *Bell* v. *Seals Piano & Organ Co.,* 201 Ala. 428 (78 South. 806); Sutherland on Damages (4 ed.), p. 1694.

■ Counsel for defendants contends, even though evidence of general reputation of credit standing was admissible, it was error to admit evidence of special injury for loss of credit with particular persons. We are of opinion that the allegations relative to loss of credit, although general in character, in the absence of motion to make more definite and certain, would warrant the admission of evidence as to particular instances wherein plaintiff's credit was impaired by reason of the attachment of his business. No objection was made to the testimony of the plaintiff that he had been injured in his credit with certain wholesale houses and his banker, but when witnesses were called to corroborate this testimony, objection was made. In *Kyd* v. *Cook, supra,* there is the general allegation, ''That plaintiff enjoyed among the wholesale houses, business men and manufacturers throughout the country a high and first class credit and was thereby enabled to do and was doing a large, prosperous and profitable business * * .'' It was there contended by counsel that loss of credit was a special damage which must be specially pleaded in order to be proved. The court said, ''This may be safely conceded, but we think it is here sufficiently specifically pleaded.'' In *Bradford* v. *Lawrence,* 208 Ala. 248 (94 South. 103), it was held: ''It was competent for plaintiff to testify as to the effect of the attachment suit on his credit and the state of his credit thereafter.'' Also see *Brayton* v. *Spooner,* 5 Ky. Opinions, 63; *Lawrence* v. *Hagerman, supra.*

■ It was proper to admit evidence relative to the loss of profits sustained while plaintiff's business was under attachment. This is a proper element of damage where the prospective profits are reasonably certain and the amount thereof can be ascertained with

reasonable accuracy. Evidence was submitted showing the earnings of the business for a period of one year prior to the attachment and for one year subsequent thereto. This afforded the jury a basis upon which to determine with a reasonable degree of certainty the loss of profits sustained by plaintiff during the time in question: *Kyd* v. *Cook, supra; Schile* v. *Brokhahus,* 8 N. Y. 614; *Gildersleeve* v. *Overstolz, supra; Wellington* v. *Spencer,* 37 Okl. 461 (132 Pac. 675, 46 L. R. A. (N. S.) 466, and note).

There is diversity of opinion as to the recovery of attorney fees in an action on the bond for wrongful attachment, but when the attachment is levied maliciously and without probable cause, courts almost unanimously hold that such is a proper element of damage: *Street* v. *Browning,* 210 Ala. 331 (98 South. 23); *Wren* v. *Rehfeld,* 37 S. D. 201 (157 N. W. 323); *Connelly* v. *White,* 122 Iowa, 391 (98 N. W. 144); Shinn on Attachments, § 378; 6 C. J. 528.

Finding no error in the record the judgment is affirmed. AFFIRMED.

BEAN, BROWN and ROSSMAN, JJ., concur.