Argued October 7; affirmed October 25; rehearing denied December 30, 1932

## WEINSTEIN *v.* WHEELER
(15 P. (2d) 383)

*Abe Eugene Rosenberg,* of Portland (Coan & Rosenberg, of Portland, on the brief), for appellant.

*Frank S. Senn,* of Portland (Senn & Recken and E. L. McDougal, all of Portland, on the brief), for respondent.

BELT, J.   Plaintiff, a blind man, seeks to recover damages for personal injuries sustained when struck

by an automobile driven by defendant, while he was crossing a street intersection in the city of Portland. This is the third time that this case has been here on appeal. The first trial resulted in a verdict for defendant, but the judgment was reversed on account of the failure to give a requested instruction (127 Or. 406, 257 P. 20, 271 P. 733, 62 A. L. R. 574). The defendant obtained the verdict of the jury in the second trial, but the trial court set aside the verdict and judgment and granted plaintiff a new trial. On appeal, the order allowing a new trial was affirmed (135 Or. 518, 295 P. 196, 296 P. 1079). On the third trial the jury found for the defendant.

■ Plaintiff predicates error on the giving of the following instructions requested by the defendant:

"You are further instructed that the blind have equal rights to the use of the streets in the city of Portland, Oregon, as have motorists and other people, but you are instructed that the blind, while using the streets, must use such degree of care as is usually and ordinarily exercised by other persons similarly afflicted. Whether or not the plaintiff, Jacob Weinstein, was negligent or careless in going out upon the street at the time of the accident unassisted and without a cane, is for you to say. If you find that Jacob Weinstein when he went out upon this street at the time of this accident without a cane and unassisted, if you find that this was not the exercise of that degree of care which a person similarly afflicted under like circumstances would have exercised, then Jacob Weinstein would be negligent, and if this negligence contributed to his injuries, then he cannot recover in this case."

Plaintiff asserts that the above instruction is not in keeping with the law as declared on first appeal *(Weinstein v. Wheeler, supra)*, where it was held that

"it is not negligence as a matter of law for a blind person to walk unattended, either without a companion or a cane, on a public street." That it cannot be so held as a matter of law does not mean that a jury would be precluded from so finding as a matter of fact. The fact that plaintiff was unattended and walked without a cane while crossing the street at the time of the accident was a matter, together with all of the other facts and circumstances, proper for the consideration of the jury in determining whether plaintiff exercised reasonable care to avoid injury, and whether defendant knew or ought to have known of his limited capacity to care for himself. As stated on former appeal:

"The true test * * * is: What would an ordinarily prudent person, who was blind and of the age and experience of the plaintiff, do to avoid injury upon hearing the sound of an approaching automobile when crossing the street?"

We see no objection to the above instruction. It is a correct statement of the law.

The second assignment of error is based on the giving of the following instruction requested by defendant:

"You are instructed that it was the duty of Jacob Weinstein, while crossing this intersection, to use that degree of care while in this street that a person similarly afflicted would have exercised under like circumstances. It is contended by the defendant that the plaintiff, Jacob Weinstein, turned around and backed into the automobile, or walked back into the automobile. If you find that he did this and if you find that was not the exercise of that degree of care which a person of ordinary prudence similarly afflicted would have exercised under like circumstances, and that this

want of care contributed to his injuries, then he cannot recover in this case and your verdict must be for the defendant.''

■ Defendant was entitled to have her theory of the case submitted to the jury. The above instruction is plainly in keeping with the law as previously declared in former appeals. There is no merit in this assignment.

The third and last assignment of error concerns the following instruction, given also at the request of defendant:

''You are further instructed that if you find that the defendant while driving her automobile at the time and place alleged in plaintiff's complaint observed that the plaintiff was blind, or in the exercise of reasonable diligence should have known that the plaintiff was blind, then it was her duty to exercise reasonable care or the care that a person of ordinary prudence would have exercised under like circumstances and if you find that the exercise of reasonable care under such circumstances required that the defendant bring her car to a stop, then if she failed to do so she would be negligent and if this negligence was the proximate cause of the injuries, and you further find that the plaintiff was not negligent himself, in contributing to the injuries, then your verdict should be for the plaintiff.''

On first appeal this court said:

''Those who drive automobiles on the streets of a city, and who observe, or in the exercise of reasonable diligence ought to know, that a pedestrian is blind, must use care commensurate with the danger involved. It will not do to drive on under such circumstances and assume that one thus deprived of sight will jump the right way. The automobile should be stopped.''

■ The trial court declared the law thus announced but later gave the above instruction to which exception

was taken. It is urged that the instruction last quoted in effect nullified the one previously given concerning the duty of the driver to stop the automobile if it was known or ought to have been known that the plaintiff was blind. There is some merit in this contention, but since counsel, in his exceptions to the instructions, did not specifically direct the attention of the trial court to the matter now urged *(Blanchard v. Makinster,* 137 Or. 58, 290 P. 1098, 1 P. (2d) 583), we would not feel warranted in reversing this case again and remanding it for a new trial which would probably result in the same verdict. The many jurors who have passed on this case evidently believe the testimony of the defendant that she did not know or have reason to believe that plaintiff was blind when he was struck by the automobile.

The judgment is affirmed.

RAND, BROWN and CAMPBELL, JJ., concur.