Motion to dismiss appeal denied May 17, 1932; argued May 18;
affirmed July 31, 1933

## KALLER *v.* SPADY ET AL.

(10 P. (2d) 1119, 24 P. (2d) 351)

*L. E. Schmitt*, of Portland, for the motion.

*W. K. Royal*, of Portland, opposed.

CAMPBELL, J. On September 29, 1931, a judgment was entered against the defendants.

On November 27, 1931, defendants filed notice of appeal.

On January 7, 1932, an order was made, on stipulation of attorneys, that the appellants should have until February 15, 1932, in which to file their transcript in the supreme court.

On February 11, 1932, an order was made, on stipulation of attorneys, extending the time to March 15, 1932, in which appellants might file their transcript in the supreme court.

On March 15, 1932, an order was made on motion of appellants, extending the time in which the appellants might file their transcript in the supreme court to March 25, 1932.

It will be observed that the final order extending the time was made subsequent to thirty days after the appeal was perfected, but within the time extended by stipulation.

On March 24, 1932, the transcript was filed in the supreme court.

On April 5, 1932, respondents filed in this court a motion to dismiss the appeal on the grounds that the transcript was not filed within the time fixed by law, for the reason that the trial court had no jurisdiction to make an order extending the time in which to file the transcript in the superme court, subsequent to the expiration of thirty days after the appeal was perfected, notwithstanding the extension of time by stipulation.

Assuming that the other requirements of the statutes than those set out in the motion, regarding extensions of time, had been complied with, on the authority of *Corbin v. Preston,* 109 Or. 230 (212 P. 541), *Cantrall v. Sterling Mine Co.,* 61 Or. 516 (122 P. 42), the motion to dismiss the appeal will be denied. It is so ordered.

## On the Merits

(24 P. (2d) 351)

*W. K. Royal* and *Robert Smith,* both of Portland, for appellants.

*L. E. Schmitt,* of Portland (Robert J. Creamer, of Portland, on the brief), for respondent.

ROSSMAN, J. The complaint alleges that April 6, 1929, the plaintiff and his partner, Henry Hegel, purchased from the defendant, Louis Spady, at a price of $2,000, a garbage truck together with "the good will of an established garbage route having a list of 150 names and addresses of customers"; that they paid $1,000 of the purchase price in cash and the bal-

ance by their note for $1,000 payable at the rate of $25 per month, secured by a chattel mortgage upon the truck; that at the request of Louis Spady the defendant John Spady was made payee of the note and mortgagee of the mortgage; that the note provided that in case of default in the payment of any installment the unpaid balance should become due and payable at the option of the holder of the note; that the mortgage provided for its foreclosure in the manner provided by law for the foreclosure of mortgages that do not themselves provide the manner of foreclosure, and the consideration of which does not exceed $500; that upon receipt of the truck the plaintiff and Hegel operated it upon the aforementioned garbage route; that the monthly installments to and including the month of July were paid; that in August, 1929, plaintiff and Hegel, having had a misunderstanding, dissolved their partnership; that the plaintiff acquired Hegel's interest in the truck and garbage business; that the defendants, knowing that the plaintiff could not pay the entire balance in one payment, conspired on August 10, 1929, to cheat the plaintiff of the truck, the good will of his garbage business and his list of customers by agreeing that John Spady should refrain from accepting the monthly payments when tendered, and, after the plaintiff had been induced to omit several payments, declare the entire balance due; that August 12, 1929, the plaintiff tendered the August installment "and said defendant informed this plaintiff that he did not need the money and to let the matter ride for the present as there was no hurry about it and he knew the plaintiff was an honest man, and that they could first settle their partnership differences between themselves and then he could make the payment". Continu-

ing, the complaint alleges that on August 15, 1929, the plaintiff again tendered the August installment, urging John Spady to accept it; that the latter again made the same declaration; that September 10, 1929, the plaintiff tendered to John Spady the August and September installments, requesting their acceptance; that John Spady declined to accept them, stating substantially the same reasons as are expressed in the language above quoted; and that September 15, 1929, when the plaintiff again tendered the August and September installments, urging their acceptance, John Spady told the plaintiff: "He would not accept any installments now but wanted the full amount of the note. * * * He advised the plaintiff that inasmuch as the plaintiff had failed to make the payments as required in said note he had decided that he wanted the whole amount of the note and demanded from the plaintiff the immediate payment thereof, and the plaintiff advised him that he could not pay the whole amount as he did not have that amount of money. * * *"

Plaintiff avers that September 15, 1929, the defendants, in furtherance of their conspiracy, "took said truck, good will and list of customers on said garbage route away from said plaintiff by force and threats * * * and said defendants thereupon proceeded to operate said truck on the garbage route * * * and thereafter defendants in order to cover up their acts and conduct as aforesaid caused said chattel mortgage to be foreclosed through the constable's office * * * at which sale said defendants claim to have purchased said auto truck and continued to operate it over the garbage route * * * that by reason of said conspiracy, as hereinbefore alleged, and the wrongful, wilful, unlawful, fraudulent and malicious acts and conduct of said defendants in the taking away from

the plaintiff of said truck, good will and list of customers on said garbage route as aforesaid the plaintiff was deceived and defrauded and thereby has sustained injuries and damages in the sum of $3,500''. The defendants filed a motion to strike substantial parts from the complaint, which motion was overruled, and they thereupon demurred on the ground that the complaint ''contains a misjoinder of actions, one being an action in trover and conversion of an auto truck and book, and the other being an action for damages for interfering with the good will of the business claimed by the plaintiff''. After the demurrer had been overruled they filed an answer wherein they admitted the sale of the truck to the partnership, plaintiff's subsequent purchase of Hegel's interest, the execution of the note and mortgage, the nonpayment of the August and September installments, John Spady's election to declare the entire unpaid balance due, and that upon the constable's sale of the truck John Spady bought it. The answer denied all other averments of the complaint. Subsequently the defendants filed a motion to require the plaintiff to elect ''whether he is suing for the taking of the truck as a breach of contract or as an action in fraud or for tort''. The motion was denied. The parties have not brought to this court a transcript of the evidence but have presented the issues on appeal by a bill of exceptions. The latter certifies that the plaintiff furnished testimony ''that thereupon the plaintiff tendered to the defendant John Spady the August installment with interest, and said defendant told the plaintiff that he did not need the money, as he had plenty of money and he knew the plaintiff to be an honest man and he had lots of time in which to pay, and after they had their partnership differ-

ences settled he could pay him, and plaintiff urged him to accept the money but the defendant would not accept it * * * that he had, prior to the taking of possession of said truck by defendant, offered to pay John Spady the sum of money equal to the August and September payments for the year 1929, and tending to show the said John Spady at the time of the offer of said money informed the plaintiff that he need not pay it now that he could have further time in which to pay the same, and that on the 15th day of September, 1929, the plaintiff offered to pay to said John Spady the sum of about $60 for the payments for August and September, 1929, and that at said time said John Spady declared to the plaintiff that he had declared the whole sum due on said note because of the failure to make the payments for August and September, 1929, and at that time he demanded the payment of the balance due on said note in full, and that upon the plaintiff failing to make said payment, the defendant, Louis Spady, went upon said truck and by force took the said truck from the plaintiff''. The bill of exceptions also certifies that the plaintiff produced evidence that when the defendants seized the truck they took from the possession of the plaintiff a book containing a list of his customers and thereupon operated the truck upon the same route over which the plaintiff had operated it, collecting garbage and money from the customers whose names were written in the book. The bill of exceptions states that the defendants offered testimony indicating that the plaintiff had not tendered the August and September payments. It further appears from the bill of exceptions that the defendants forcibly seized the truck September 24, 1929, and that the following day it came into the possession of the constable.

■ The first assignment of error is predicated upon the order of the circuit court which overruled the motion of the defendant to strike the portions of the complaint designated in the motion. Some portions of the complaint are described as irrelevant; other portions as narrative, and still others as conclusions of law. A pleader is required to use "plain and concise" language and avoid "unnecessary repetition". Section 1-604, Oregon Code 1930. While the complaint is subject to criticism, yet we find no serious violation of this rule. Sections 1-911 and 7-510, Oregon Code 1930, authorize a reversal for an infraction of the rules of pleading and practice only when it appears that such violations have prejudiced substantial rights of the appellant. No such showing has been made.

■ The second assignment of error is based upon the contention that the circuit court erred when it overruled the demurrer to the complaint. We have already stated the grounds upon which the demurrer was predicated. In *Cash v. Garrison,* 81 Or. 135 (158 P. 521), a similar problem was before this court. From the decision in that case, we quote:

"In the brief of appellants, it is assumed that this is the old common-law action of trover, but this assumption is erroneous. It is an action on the case as nearly as it can be assimilated to any of the common-law forms of action. It sets forth a long series of alleged wrongs and grievances, culminating in the fact that by reason of all these plaintiff has lost her investment and has been deprived of her property. So far as the conversion of the physical properties is concerned, it has the aspect of trover; so far as a breach of the agreement in regard to the manner in which the business should be conducted, is involved, it has the aspect of an action ex contractu; so far as the misrepresentations as to the ownership of the property are concerned, it

has the aspect of an action for deceit; but all the various acts and delinquencies tended to the same end, namely, to the wrecking and absorption of plaintiff's business for the benefit of defendants. It is an action on the case, and, as such, if plaintiff was entitled to recover damages at all, she was entitled to recover not only for the value of her interest in the physical property converted, but for the resultant injury to the business. 'A series of wrongful acts, all aimed at a single result and contributing to the injury complained of, to wit, the destruction of one's business, credit and reputation, may be counted upon collectively, as producing that result, in an action on the case:' Oliver v. Perkins, 92 Mich. 304 (52 N. W. 609).''

From *Budd v. Multnomah Street Railway Co.*, 15 Or. 404 (15 P. 654), we quote:

''But as I understand it, this action is in substance what would be regarded at common law an action on the case to recover damages for the disturbance of the plaintiff in the employment of a franchise, and there can be no doubt that such an action will lie. (1 Chitty, Pleadings, pp. 131-142). But in such case it is damages for the wrong done which the party recovers, and not the possession of the particular franchise.''

See also Andrews Stephen's Pleading (2d Ed.), § 83. It is our belief that the principles of law applicable to the case stated in the complaint are those of the common law action known as trespass on the case. No error is disclosed by this assignment.

 The third assignment of error is based upon the contention that the circuit court erred when it denied defendant's motion to require the plaintiff to elect whether ''he is suing for the taking of the truck as a breach of contract or as an action in fraud or for tort''. It is apparent from the disposition which we

made of the second assignment of error that the court did not err when it denied this motion. Moreover, a plaintiff will not be compelled to declare upon which of the theories stated in his complaint he relies, if the theories are not inconsistent with one another. 49 C. J., Pleading, p. 746, § 1042. Further, a motion to elect is addressed to the discretion of the trial court and its disposition of the motion will not be regarded as error unless it appears that the discretionary power was abused. In *Patterson v. Babcock,* 128 Or. 476 (274 P. 903), the two principles just stated were applied and we there held that no error had been committed when the court denied a motion to compel the plaintiff to elect whether he intended to proceed for breach of contract or for conversion.

The fourth assignment of error is based upon the ruling of the circuit court which overruled an objection of the defendants to a question which inquired of John Lehr, a witness for the plaintiff, the value of the garbage route in controversy. The bill of exceptions certifies that the defendants objected to the question on the ground that it sought information "irrelevant and incompetent for the reason that it included damages for the good will of the business which are not recoverable in an action of this kind". Today newspaper routes, milk routes, laundry routes, garbage routes, etc., possess a distinct commercial value. A plant which possesses several good routes is a desirable object of purchase, whereas without any the plant would possibly find no buyers. A tradesman who possesses a desirable route has a valuable asset which he can readily sell. Without a route his truck or other conveyance is a liability. It is a matter of everyday observation that tradesmen regard routes as a species of prop-

erty. They possess value because they are constituted of the good will which their owner has acquired among those who patronize him. The courts recognize good will as property. 12 R. C. L., Good Will, p. 978, § 3; 22 R. C. L., Property, p. 45, § 13; 28 C. J., Good Will, p. 730, § 12; *Red Wing Malting Co. v. Willcuts,* 15 Fed. (2d) 626 (49 A. L. R. 459); *Dairy Dale Co. v. Azevendo,* 211 Cal. 344 (295 P. 10). They are, however, a species of property which is always incidental to other property— the tangible property which constitutes the plant. Since the question under consideration was preceded by proof that the defendants had seized plaintiff's list of customers and proceeded to serve them immediately after having taken possession of his truck, it is clear that the question did not seek information which was immaterial. As we have already seen from the reference which we made to *Cash v. Garrison,* supra, and to *Budd v. Multnomah Street Railway Co.,* supra, the present action is the proper one for recovery of damages for the destruction of an established business. The objection voiced in the circuit court was, therefore, properly overruled. In their brief, the defendants argue that before the plaintiff could recover damages for injury to good will it was necessary to specially plead that fact as a special item of damages. The objection urged in the circuit court did not include the objection which is now urged upon us. We have many times stated that this court will not consider an objection to the admissibility of evidence which was not submitted to the trial court. *Fidelity Security Corporation v. Brugman,* 137 Or. 38 (1 P. (2d) 131, 75 A. L. R. 1333); *Hamilton v. Kelsey,* 126 Or. 26 (268 P. 750); *Goldfoot v. Lofgren,* 135 Or. 533 (296 P. 843). We have, however, considered the merits of the objection and believe

that the damage to the good will of the plaintiff's business, in absence of a motion for more particulars, was properly pleaded. We dismiss this assignment of error as without merit.

The fifth assignment of error is based upon an instruction given to the jury wherein the court stated the issues. According to the bill of exceptions, the defendants excepted to this instruction "as against the law and not applicable to the facts and issues in the case". An exception which declares that an instruction is "against the law" is manifestly insufficient unless the instruction is palpably erroneous. *Blanchard v. Mackinster,* 137 Or. 58 (290 P. 1098, 1 P. (2d) 583); *Wallace v. American Toll Bridge Co.,* 124 Or. 179 (264 P. 351); *Weinstein v. Wheeler,* 141 Or. 246 (15 P. (2d) 383); *Lott v. De Luxe Cab Co. Inc.,* 136 Or. 349 (299 P. 303). In support of this assignment of error, the defendants argue that an action for damages can not be maintained for injury to a garbage route; that the complaint does not state facts constituting an action for fraud; that the instruction under consideration submits a question of estoppel which is not alleged in the complaint, and that the allegations concerning conspiracy are material only for the purpose of fixing joint liability. In our disposition of preceding assignments of error we have already expressed our opinion that the basis of this action is trespass on the case, and that this form of action is proper for the recovery of damages to an established business. The averments in the complaint of fraud and deceit are not employed for the purpose of characterizing this action, but for the purpose of showing how the defendants induced the plaintiff to forego paying the July and August installments. The estoppel

was the consideration for the waiver. The defendants, having induced the plaintiff to omit paying the July and August installments, could not avail themselves of the provision of the contract which permitted them to declare the entire balance due, when an installment had been omitted, without first making a demand and affording the plaintiff a reasonable opportunity to pay the two omitted installments. *Ewing v. Ryan,* 113 Or. 225 (231 P. 981); *Massey v. Becker,* 90 Or. 461 (176 P. 425); *Graham v. Merchant,* 43 Or. 294 (72 P. 1088); Estrich, Installment Sales, section 311. This assignment of error discloses no occasion for a reversal.

The sixth, seventh and eighth assignments of error are based upon instructions given to the jury. The exceptions saved to these instructions are couched in the same words as the one previously mentioned. It is our belief that the exceptions are insufficient. We, however, considered the criticized instructions, and believe that they do not support the contentions advanced by the defendants.

The ninth assignment of error is predicated upon the refusal of the circuit court to direct a verdict for the defendants. As already stated, the appellant has not brought before this court a transcript of the evidence and, therefore, bases this assignment upon the contention that "the complaint does not allege any demand made upon defendants or of the constable prior to the action, nor does the complaint contain any allegation of a continuing tender of the money due on the mortgage at the time of the taking of the truck nor what fell due thereafter and prior to the trial". If the complaint alleged that the defendants acquired possession of the truck with the consent of

the plaintiff, then this case would be similar to *Jeffries v. Pankow,* 112 Or. 439 (223 P. 745, 229 P. 903), cited by the defendants, wherein we held that one who acquires possession through the consent of the owner is not liable in trover unless he has later wrongfully refused to comply with a demand for surrender of possession. The complaint alleges that the defendants forcibly took the truck and list of customers out of the plaintiff's possession. The defendants likewise argue that a tender, in order to be effective, must be continued to the time of the trial. That is true, unless the creditor waives payment as in the present instance. The plaintiff was under no duty to tender the August and September installments in his complaint because that pleading alleged that the defendants had wrongfully seized the garbage business, including the truck, and had appropriated the same to their own use. Next, the defendants cite *Harrison v. Beals,* 111 Or. 563 (222 P. 728), and argue that the payee of a note which contains an acceleration clause, need not give notice to the maker before declaring the entire sum payable upon default in the payment of one or more installments. That principle of law would be applicable if the complaint did not allege that the defendants had previously waived payment of all sums due at the time when they attempted to exercise the acceleration privilege. Next, the defendants argue that a promise without a consideration is void. A waiver, however, may be based upon conduct which estops the individual from insisting upon performance. The defendants' purchase of the truck at the constable's sale constituted no bar to recovery in this action because, according to the complaint, it was preceded by the defendants' wrongful seizure of the truck, and their conduct in

appropriating the plaintiff's business to their own use. We have been forced to limit our consideration of this assignment of error to an analysis of the sufficiency of the complaint because the appellants have not brought before us a transcript of the evidence.

 The tenth, eleventh and twelfth assignments of error are predicated upon the refusal of the court to subscribe to seven requested instructions tendered by the defendants. Three of these requested instructions assume that although the defendants had waived the August and September payments it was nevertheless the duty of the plaintiff to make these payments the moment that the defendants demanded them. As we have already seen, this is not true. Another of these requested instructions is based upon a letter written by the defendants' attorney to the plaintiff and dated September 13, 1929. The letter stated: "You are hereby notified that Mr. John Spady has instructed me to foreclose that certain chattel mortgage signed by you on the 8th day of April, 1929, covering one Mack truck, license No. 78646." The requested instruction stated: "Upon receipt of that letter it was the duty of the plaintiff to tender the amount of the August and September installments which was about $60. And if the plaintiff did not tender the said sum within a reasonable time or before the foreclosure was started September 23, 1929, you should find a verdict for the defendants." The letter was not a demand for payment. It is manifest that the court did not err when it declined to read this requested instruction to the jury. The next requested instruction stated: "The principal question in this case is whether a tender was made after the letter of Mr. Manning, dated September 13, 1929 * * *. The plaintiff has

offered evidence tending to show a tender to Mr. Manning, and that is the only offer of money he claims to have made after September 13, 1929 * * *.'' In view of the fact that a transcript of the evidence has not been brought before this court, it is impossible for us to determine whether the foregoing comment upon the testimony would have been warranted. The next requested instruction assumes that the constable's possession and his subsequent sale constituted a defense. However, as we have already seen, the bill of exceptions recites that the defendants forcibly took the truck from the plaintiff and that the constable did not obtain possession until later. This is not an action against the constable but against the defendants for having wrongfully destroyed the plaintiff's business. It is evident that the constable's disposition of the truck after the defendants had taken command of the plaintiff's business could not excuse the defendants. The last of these requested instructions stated the defendants' theory of the rules governing the measurement of damages. We have already stated sufficiently the principles of law applicable to this case. The requested instruction is not in harmony with those principles. It is our opinion that these assignments of error disclose no error upon the part of the circuit court. The thirteenth assignment of error is predicated upon a ruling which is not disclosed by the bill of exceptions.

Having discovered no error in the record, it follows that the judgment of the circuit court is affirmed.

KELLY and CAMPBELL, JJ., concur.

BELT, J., did not participate in this decision.